THE STATE OF OHIO, APPELLEE, *v.* OTIS, APPELLANT.

[Cite as *State v. Otis* (1995), 73 Ohio St.3d 39.]

(No. 94–1794—Submitted May 9, 1995—Decided August 9, 1995.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson,* Assistant Prosecuting Attorney, for appellee.

*Lee Otis, pro se.*

---

*Per Curiam.* Appellant appears to argue that because he had the same attorney at trial and on direct appeal, the attorney had a "conflict of interest" in raising claims of ineffective assistance of counsel. Appellant does not identify any specific instances of ineffective assistance. Therefore, his argument seems to be that, whenever a defendant retains counsel on appeal, he or she is entitled to a finding of ineffective counsel *per se* because there *must* have been some instances of it, and counsel was precluded from raising issues implicating his or her own effectiveness. App.R. 26(B)(5) requires reopening of an appeal "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals found no genuine issue. We concur. Appellant's theory of automatic ineffectiveness when trial counsel is retained has no merit. The judgment of the court of appeals is affirmed for the reasons stated in its judgment entry.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.