[This opinion was published in *Ohio Official Reports* at 73 Ohio St.3d 39.]

THE STATE OF OHIO, APPELLEE, *v.* OTIS, APPELLANT.

[Cite as *State v. Otis*, 1995-Ohio-223.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of court of appeals' decision and applicant fails to state a colorable claim of ineffective assistance of counsel.*

(No. 94-1794—Submitted May 9, 1995—Decided August 9, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 59685.

————————

{¶ 1} Appellant, Lee Otis, was convicted at a bench trial of one count of murder and two counts of felonious assault, each with a firearm specification(s). The court of appeals affirmed the judgment of the trial court. *State v. Otis* (Jan. 23, 1992), Cuyahoga App. No. 59685, unreported.

{¶ 2} Over two years later, on June 20, 1994, appellant filed an application to reopen pursuant to App. R. 26 (B). The application was denied as untimely without good cause shown, and as failing to state a colorable claim of ineffective assistance of counsel. *State v. Otis* (July 6, 1994), Cuyahoga App. No. 59685, unreported, motion No. 52993. This appeal followed.

————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson*, Assistant Prosecuting Attorney, for appellee.

*Lee Otis*, *pro se*.

————————

**Per Curiam.**

{¶ 3} Appellant appears to argue that because he had the same attorney at trial and on direct appeal, the attorney had a "conflict of interest" in raising claims of ineffective assistance of counsel. Appellant does not identify any specific instances of ineffective assistance. Therefore, his argument seems to be that, whenever a defendant retains counsel on appeal, he or she is entitled to a finding of ineffective counsel *per se* because there *must* have been some instances of it, and counsel was precluded from raising issues implicating his or her own effectiveness. App. R. 26(B)(5) requires reopening of an appeal "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals found no genuine issue. We concur. Appellant's theory of automatic ineffectiveness when trial counsel is retained has no merit. The judgment of the court of appeals is affirmed for the reasons stated in its judgment entry.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____