**The STATE of Ohio, Appellee,**

**v.**

**PATTERSON, Appellant.**

[Cite as *State v. Patterson* (1997), 123 Ohio App.3d 237.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 95 C.A. 52 and 95 C.A. 70.

Decided Sept. 24, 1997.

238

240

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Bobby Patterson, pro se.*

*Per Curiam.*

The appellant was indicted by a grand jury on November 10, 1994, on one count of murder, R.C. 2903.02(A), (B), with a firearm specification, and one count of having weapons while under disability, R.C. 2923.13(A)(3), (B), with a firearm specification. The indictment arose out of the shooting of one Kenneth Armour by appellant on September 27, 1994 and Armour's resulting death.

The case was scheduled for trial on February 13, 1995. Appearing in the trial court with his counsel, appellant stated to the court that he was willing to accept the plea bargain extended by the prosecution. On February 13, 1995, appellant pleaded guilty to count one of the amended indictment for involuntary manslaughter, R.C. 2903.04(A), (C), count two of the indictment of having a weapon under disability, R.C. 2941.143, and thereafter was sentenced to ten to twenty-five years on count one, which was to be served consecutively with count two, of three to five years.

A timely appeal was subsequently filed in this court and on March 11, 1996, the judgment of the trial court was affirmed.

On March 31, 1997, the appellant *pro se* filed a motion for reconsideration pursuant to App.R. 26 and 14(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Appellant's motion will be considered as an application for delayed reconsideration, since it was filed under App.R. 26, App.R. 14, and *Murnahan.*

Although appellant has failed to list and specify his assignments of error, the following are the allegations made by appellant in his motion to this court:

Appellant was denied effective assistance of appellate counsel in that:

1. Appellate counsel was the same counsel as at the trial court level and thus appellant was deprived of a substantial right.

2.   Since appellate counsel and trial counsel were the same, *res judicata* is not appropriate and does not bar appellant from raising the claim of ineffective assistance of counsel.

3.   Appellant alleges that the standard of review to be applied when assessing a defense request for reopening an appeal under App.R. 26(B)(5) of *Strickland v. Washington* (1984), 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], is inapplicable, since when a defendant is denied a constitutional right to counsel and a constitutional right to an affirmative defense, prejudice need not be shown, since it is presumed.

4.   Appellant alleges that appellate counsel failed to raise the issue that trial counsel's waiver of "speedy trial" was not in appellant's best interest.

5.   Appellate counsel failed to raise the issue that trial counsel failed to insist on a psychiatric evaluation to show that appellant was not of a sane state of mind at the time of the incident.

6.   Appellate counsel failed to assign as error the fact that the trial counsel negligently advised appellant to plead guilty without first initiating an affirmative defense of self-defense.

7.   Appellate counsel did not assign as error the fact that trial counsel failed to conduct a reasonable investigation into the incident and that alone constitutes deficient performance.

8.   Appellate counsel failed to assign as error the fact that trial counsel failed to challenge the prosecutor during negotiations in the plea bargaining process.

9.   Appellant also alleges various other vague allegations of prosecutor misconduct and trial court abuse of discretion.

Appellant's assignments of error and claim of ineffective assistance of counsel are without merit.

The relevant case on this issue is that of *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, where, at paragraph three of the syllabus, the court stated:

"Where the time period for reconsideration in the court of appeals and direct appeal to the Supreme Court has expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court, pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court."

The applicable appellate rule in this case App.R. 26, titled "Application for reconsideration; application for reopening":

"(B) Application for reopening.

"(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment *unless the applicant shows good cause* for filing at a later time.

"(2) An application for reopening shall contain all of the following:

" * * *

"(c) One or more assignments of error or arguments in support of assignments of error *that previously were not considered on the merits in the case by any appellate court* or that were considered on an incomplete record because of appellate counsel's deficient representation.

" * * *

"(5) An application for reopening shall be *granted if there is a genuine issue* as to whether the applicant was deprived of the effective assistance of counsel on appeal." (Emphasis added.)

App.R. 14(B), "Enlargement or reduction of time," states:

"For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. Enlargement of time to file an application to reconsider pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."

Thus, the threshold question is whether appellant can show good cause for filing his Rule 26(B) application for delayed reconsideration more than one year after the journalization of the appellate decision which occurred on March 11, 1996. See *State v. Wickline* (1996), 74 Ohio St.3d 369, 658 N.E.2d 1052.

██ Appellant has offered no good reason for his failure to file this application for delayed reconsideration within the ninety days required by App.R. 26(B). Appellant merely alleges that "ineffective assistance of appellate counsel *may be* left 'undiscovered' due to—inadequate appellate counsel for the inability of the defendant to identify such errors within the time allotted * * *." As will be addressed further in this opinion, appellant has not shown any ineffectiveness or

inadequacy of appellate counsel and thus has shown no good cause for filing this application outside the statutory time limits. In *State v. Whalen* (1996), 74 Ohio St.3d 633, 660 N.E.2d 1174, the Ohio Supreme Court upheld the denial of an application for delayed reconsideration where the appellant had failed to establish good cause for filing his application nine months after the appellate decision was affirmed. In our case, the appellant filed his application over one year after the appellate decision affirming the trial court was released.

■ Assuming *arguendo* that appellant had shown good cause for his delay in filing for reconsideration, appellant must still bear the burden of establishing a "colorable claim" of ineffective assistance of counsel as required by App.R. 26(B)(5) and that his claims are not barred by *res judicata.*

■ The standard of review to be applied when assessing a defense request for reopening of appeal under App.R. 26(B)(5) is that of *Strickland, supra,* and *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. See, also, *State v. Reed* (1996), 74 Ohio St.3d 534, 660 N.E.2d 456.

■ The *Strickland* standard for ineffective assistance of counsel is that a defendant must demonstrate such serious errors of counsel that a defendant was prejudiced and, but for these errors, there was a reasonable probability that the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Therefore, to establish ineffective assistance of counsel, a defendant must show (1) deficient performance of counsel and (2) resulting prejudice to the defendant.

■ Also, appellant must bear the burden of showing that his claims are not barred by the doctrine of *res judicata.* Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings except on direct appeal, any defense or any claimed lack of due process that was raised or could have been raised at the trial which resulted in that conviction or on appeal from that judgment. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

In assignments of error one, two, and three, appellant alleges that he had the same appellate counsel as trial counsel and thus there existed a conflict of interest which deprived him of a substantial right. Appellant further alleges that in this case *res judicata* is not appropriate and the standard of review found in *Strickland, supra,* is not applicable, since when a defendant is denied a constitutional right, prejudice need not be shown.

■ A review of the record shows that appellant had a different attorney on appeal than in his original trial. Appellant merely alleges that on March 3, 1995,

a motion to withdraw a guilty plea was filed, "which appellant is assuming that appellate counsel must have initiated." Appellant has offered no evidence that the appellate counsel filed the motion to withdraw a guilty plea. Also, appellant has not alleged any ineffective assistance of counsel in the hearing on the motion to withdraw the guilty plea.

The Ohio Supreme Court recently addressed a similar issue in *State v. Otis* (1995), 73 Ohio St.3d 39, 652 N.E.2d 195, where the court stated:

"Appellant appears to argue that because he had the same attorney at trial and on direct appeal, the attorney had a 'conflict of interest' in raising claims of ineffective assistance of counsel. Appellant does not identify any specific instances of ineffective assistance. Therefore, his argument seems to be that, whenever a defendant retains counsel on appeal, he or she is entitled to a finding of ineffective counsel *per se* because there must have been some instances of it, and counsel was precluded from raising issues implicating his or her own effectiveness. App.R. 26(B)(5) requires reopening of an appeal 'if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.' The court of appeals found *no genuine issue*. We concur. Appellant's theory of automatic ineffectiveness when trial counsel is retained has no merit. The judgment of the court of appeals is affirmed for the reasons stated in its judgment entry."

In our case, the appellant has not identified any ineffective assistance of counsel under the *Strickland* standard and there is no genuine issue as to any ineffective assistance of counsel. Appellant is in error concerning the standard of review to be applied in this case. The standard of *Strickland* is the standard to be applied when assessing a defense request for reopening an appeal under App.R. 26(B)(5). See *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

■ Appellant also alleges that since his counsel on appeal represented him during the trial stages, a conflict of interest existed, citing *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169. A review of *Cole* does not find appellant's review of that case to be correct. The court in *Cole* stated:

"Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant."

Appellant has submitted no evidence to this court of any possible "conflict of interest."

In assignment of error four, appellant alleges that appellate counsel failed to raise the issue that his trial counsel's waiver of "speedy trial" was not in appellant's best interest. Clearly, that issue could have been raised in appellant's original appeal to this court. Since this issue was not raised on direct appeal and could have been raised, this issue is *res judicata.* See *Perry, supra.* In any case, a review of the docket in this case shows that a waiver of speedy trial was filed by defendant on December 12, 1995. Subsequently, on February 13, 1995, the date set for the original trial before the waiver, appellant pled guilty to the reduced charge of involuntary manslaughter with the gun specification and that an additional count, having a weapon while under disability with a firearm specification, was dropped as part of the plea bargain agreement. Thus, it cannot be said that the waiver of appellant's speedy trial right was not a sound trial strategy. See *State v. Dumas* (1996), 75 Ohio St.3d 455, 663 N.E.2d 925.

In assignment of error five, appellant alleges that trial counsel failed to insist upon a psychiatric evaluation to show that the defendant was not of a sane state of mind at the time of the incident. This issue also could have been raised in direct appeal to this court. Since this issue was not raised in direct appeal and could have been raised, this issue is *res judicata.* Appellant has proffered no evidence to sustain his allegation that he was not of sane mind at the time of the crime. This assignment of error is without merit.

In assignment of error six, appellant alleges that his trial counsel negligently advised appellant to plead guilty without first initiating an affirmative defense of self-defense. This court addressed that issue in appellant's first appeal as of right to this court. In reviewing appellant's allegation that the trial court's denial of defendant's motion to. withdraw his previous guilty plea was in error, this court reviewed the transcript and the trial court's decision not to allow the withdrawal of the guilty plea based upon defendant's alleged misunderstanding of the availability of the affirmative defense of self-defense. This court noted that "the trial judge very explicitly explained to the defendant-appellant that he had a right to go to trial" in the context of any "self-defense" allegation. This allegation is *res judicata,* since it was previously addressed by this court.

In assignment of error seven, appellant alleges that trial counsel failed to conduct a reasonable investigation into the incident and appellate counsel's failure to raise that issue on appeal is ineffective assistance of counsel. Clearly, this issue could have been raised on appeal and failure to do so makes that issue *res judicata.* Also, appellant has submitted no evidence, by affidavit or otherwise, of what might have been overlooked in trial counsel's original investigation of the incident.

In assignment of error eight, appellant alleges that trial counsel failed to challenge the prosecutor during negotiations in the plea bargaining process, and appellate counsel's failure to raise that issue on appeal was ineffective assistance of counsel. This issue is also *res judicata* in that it could have been raised on direct appeal. Also, appellant was indicted for murder with a firearm specification and having a weapon under a disability with a firearm specification. After trial counsel's plea bargaining, appellant pled to involuntary manslaughter and having a weapon under disability, without any firearm specifications. Trial counsel obviously challenged the prosecutor during plea bargaining to have the original charges so reduced by the prosecutor.

Appellant's other vague allegations of prosecutor misconduct and the trial court's abuse of discretion are without merit. All the arguments are factually and legally weak. Appellant's counsel might easily have discounted the possibility of success in raising these weak allegations. Appellant's counsel's decision not to raise these arguments does not create a genuine issue of ineffective assistance of counsel. See *State v. Allen* (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.

Appellant has not met his burden of showing good cause for his delayed filing of this Rule 26(B) application for delayed reconsideration. Also, appellant has not shown that there exists a genuine issue as to whether the appellant was deprived of the effective assistance of counsel on appeal, nor has he established a colorable claim of ineffective assistance of counsel. Also, all of appellant's arguments in this application were, or could have been, raised on direct appeal and are barred by the doctrine of *res judicata*.

The application for delayed reconsideration is denied.

*Application denied.*

GENE DONOFRIO and COX, JJ., concur.