OPINION
{¶ 1} Defendant-appellant, Timothy O'Connor ("O'Connor"), appeals the decision of the Butler County Court of Common Pleas sentencing him for six counts of illegal use of a minor in nudity-oriented material. We affirm the trial court's decision.
 {¶ 2} In 1999, O'Connor, who resided in Middletown, Butler County, Ohio, took his computer to Christopher Bell, a part-time computer repairman, who resides in Warren County. While working on O'Connor's computer, Bell saw that it contained files of pornographic material, which included young children involved in explicit sexual acts with other children, adults, and animals. Bell contacted the Warren County Sheriff's Office, who subsequently obtained and executed a search warrant on O'Connor's computer. The Warren County deputies recovered files from the computer containing extensive material depicting children involved in explicit sexual activity.
 {¶ 3} The Warren County deputies contacted the city of Middletown police, who obtained a search warrant for O'Connor's residence. When Middletown police executed the search warrant, they discovered compact discs and floppy discs that contained approximately 1,000 photographs depicting young children involved in explicit sexual acts with other children, adults, and animals. Approximately 30 of the photographs they recovered depicted the head of the minor daughter of O'Connor's fiancée "morphed" onto the nude bodies of adult females.
 {¶ 4} O'Connor was subsequently charged in Butler County with six counts of illegal use of a minor in nudity-oriented material or performance, four counts of pandering obscenity involving a minor, four counts of pandering sexually-oriented matter involving a minor and one count of receiving stolen property.
 {¶ 5} O'Connor tendered a no contest plea to all 15 counts in the indictment. The trial court accepted O'Connor's plea, found him guilty, and sentenced him to serve consecutive two-year terms on counts one, three, and five, which charged him with illegal use of a minor in nudity-oriented material or performance. The trial court further ordered O'Connor to serve his sentences on the remaining 12 charges concurrent to his sentence on count one. O'Connor was also fined $10,000, and ordered to pay court costs.
 {¶ 6} O'Connor appealed his convictions and sentence to this court. This court affirmed his convictions, but remanded the matter to the trial court for re-sentencing. Specifically, this court ordered the trial court to "state its reasons for imposing consecutive sentences."State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122, at ¶ 44.
 {¶ 7} On remand for re-sentencing, the trial court held a new sentencing hearing after which it again imposed consecutive sentences for counts one, three, and five. Pursuant to this court's opinion, the trial court stated its reasons on the record for imposing consecutive sentences. Prior to the trial court's decision on re-sentencing, O'Connor submitted a memorandum to the trial court, arguing that he could only be sentenced for one count of illegal use of a minor in nudity-oriented material. He argued that he only committed one illegal act under the statute ("morphing" the victim's photograph) and that he could not legally be sentenced for each individual time he "morphed" the photograph of the victim. Nevertheless, the trial court again imposed consecutive sentences.
 {¶ 8} O'Connor now appeals the trial court's decision on re-sentencing, assigning one error as follows:
 {¶ 9} "The Trial Court Erred In Sentencing Mr. O'Connor."
 {¶ 10} In this assignment of error, O'Connor again argues that he could not be sentenced on six counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1) when he only committed one illegal act under the statute.
 {¶ 11} The doctrine of res judicata bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant in the trial which resulted in that judgment of conviction. State v. Szefcyk, 77 Ohio St.3d 93, 96,1996-Ohio-337; State v. Patterson (1997), 123 Ohio App.3d 237, 244. Res judicata also bars further litigation in a criminal case of issues that were raised or could have been raised previously in an appeal. State v.Sizemore (1998), 126 Ohio App.3d 143, 146.
 {¶ 12} We find that the doctrine of res judicata prevents O'Connor from raising the argument he now sets forth in this appeal. O'Connor had an ample opportunity to raise the issue in his initial appeal, after he also had been sentenced for six counts of illegal use of a minor in nudity-oriented material. Because O'Connor could have raised the issue in his initial appeal to this court and did not, he cannot raise it now. Accordingly, O'Connor's sole assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.