THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

[Cite as State v. Taylor (1975), 47 Ohio App. 2d 171.]

(Nos. 2296 and 2297—Decided August 6, 1975.)

*Mr. Joseph R. Grunda,* prosecuting attorney, for appellee.

*Mr. Lloyd R. Dobbins,* for appellant.

VICTOR, P. J. Thomas Anthony Taylor was arrested and incarcerated on May 23, 1974. He was bound over to the grand jury and on June 19, 1974, he was indicted for kidnapping, rape and aggravated robbery (six counts).

On July 12, 1974, a pre-trial hearing was held. As Taylor maintained his innocence, a trial was set for September 25, 1974, by agreement between the prosecutor, defense counsel, and an officer of the court.

On September 4, 1974, Henderson (defense counsel) withdrew as counsel and attorney Larry Coey was appointed to represent Taylor. On September 19, 1974, attorney Coey filed a motion to dismiss the indictment because the defendant had not been granted a speedy trial. This motion

was overruled. A trial was had on four counts of the indictment (a motion to sever two counts having been sustained) and defendant was found guilty of all counts. On October 7, 1974, Taylor entered a plea of guilty to the remaining two counts. He was sentenced on all counts pursuant to law.

In his appeal, he asserts that the court erred when it overruled his motion to dismiss the indictment for failure to provide him with a speedy trial. Taylor was confined in jail for more than 90 days before he was brought to trial. R. C. 2945.71 provides, in substance, that a person who is confined in jail must be brought to trial within 90 days after his arrest.

If he is not and no valid reason is given for such failure, he must be discharged pursuant to R. C. 2945.73. A request by a defendant for continuance beyond the 90 day period is sufficient cause to prevent his discharge. See, R. C. 2945.72 (H). We hold that the voluntary agreement of defendant's counsel, on behalf of his client, for a trial date beyond the 90 day period is a continuance pursuant to R. C. 2945.72(H) which will bar defendant's discharge. Such action by counsel cannot be repudiated by the defendant and constitutes a waiver of his statutory right to trial within the 90 day period. We affirm the judgment.

*Judgment affirmed.*

BRENNEMAN, J., concurs.
MAHONEY, J., concurs in the judgment only.

MAHONEY, J., concurring in the judgment only. The majority of this court have previously found the law to be constitutional. My concurrence in the judgment only is based upon my acceptance of their prior decision as being the law of this appellate district under the principle of stare decisis.

However, I hasten to add that the facts of this case demonstrate how a simple clerical error in calculation of time could "acquit" an accused murderer, rapist or other felon without benefit of trial. Such an error is readily con-

ceivable under the "scorekeeping" system prescribed by R. C. 2945.72. All of this is without any showing of prejudice to the defendant in the failure to give him a "speedy trial" within the statutory limitations. I reiterate my position that the statutes are an unconstitutional usurpation of inherent judicial power. They bear no reasonable relationship to the public health, welfare, morals or safety. They are repugnant to the rights of law-abiding citizens and victims of crimes and will be the source of injustice.