THE STATE OF OHIO, APPELLEE, *v.* MCBREEN, APPELLANT.

(No. 77-709—Decided May 31, 1978.)

316

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Paul J. Gorman* and *Mr. Dennis S. Helmick*, for appellee.
*Mr. Richard C. Gasen*, for appellant.

O'NEILL, C. J. The issue presented in this appeal is whether the constitutional right to a speedy trial, as implemented in this state by R. C. 2945.71 through 2945.73, can be waived by the attorney for the accused where the accused is not aware of or informed of the waiver.

R. C. 2945.71(B)(2) specifies that a person charged with a misdemeanor, other than a minor misdemeanor, shall be brought to trial "[w]ithin ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *." The offenses of which appellant was convicted were misdemeanors of the first degree and the second degree and, thus, the 90-day provision of R. C. 2945.71(B)(2) applies.

R. C. 2945.72 provides that the time within which an accused must be brought to trial may be extended for "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." (R. C. 2945.72[H].)

R. C. 2945.73 provides, in part:

"(B) Upon motion made at or prior to the commence-

ment of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
" * * * *

"(D) * * * When an accused is discharged pursuant to division (B) * * * of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct."

Under the provisions of the foregoing statutes, appellant is entitled to be discharged unless it is determined that appellant is bound by the waiver of his statutory speedy trial rights executed by his counsel. It is the conclusion of this court that he is so bound.

It has been recognized by this court that R. C. 2945.71 and 2945.73 implement the constitutional guarantee of a speedy trial (Section 10, Article I, Ohio Constitution), and must be complied with by the state. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 338 N. E. 2d 524; *State* v. *Davis* (1976) 46 Ohio St. 2d 444, 349 N. E. 2d 315; *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 362 N. E. 2d 1216.

Recognition has also been given to R. C. 2945.72 which, in the instances therein set forth, extends the time within which an accused must be brought to trial. *State* v. *Davis, supra;* *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 357 N. E. 2d 1095.

In *Davis* the defendant was charged with aggravated robbery. Under R. C. 2945.71, a defendant charged with such an offense is required to be brought to trial within 90 days. The trial there occurred within 105 days of the arrest. The circumstances of the delay in *Davis* are described in the opinion, at page 447, as follows:

"* * * The record indicates that the trial court assigned the May 30th trial date as a matter of convenience, because it understood that both the prosecution and the defense counsel were available on that date, and defense counsel agreed to it. The record also indicates that, if the appellant's [defendant's] motion to dismiss were overruled, the appellant's counsel desired an additional delay

to locate alibi witnesses. This fact clearly indicates the lack of prejudice to the appellant from the delay in trial.''

The court, in *Davis*, concluded that the extended trial date constituted '' '* * * the period of any reasonable continuance granted other than upon accused's own motion,' under the second clause of R. C. 2945.72(H).''

The record in the instant cause shows that the waivers were executed for an extension of time in order for defense counsel to have further time for case preparation, and that the trial date was set on the same day that the waivers were executed.

It is appellant's position that this appeal ''does not involve a continuance based on the 'accused's own motion,' pursuant to the first clause of R. C. 2945.72(H)'' and that, as in *Davis*, ''the issue is whether 'the extended trial date constitutes * * * the period of any reasonable continuance granted other than upon the accused's own motion, under the second clause of R. C. 2945.72(H).' '' Following the foregoing reference to *State* v. *Davis*, appellant points to the fact that the delay in *Davis* was only 15 days, while here the delay was 110 days.

It is evident from a reading of R. C. 2945.72(H) that the statute contemplates extensions of the statutory time limits for trial in two situations, *i. e.*, extensions on ''the accused's own motion'' and extensions granted ''other than upon the accused's own motion.'' The statutory language permits extensions for a period of *any* continuance on the accused's own motion, while it requires extensions granted other than upon the accused's own motion to be *reasonable*.

In *Davis*, at page 449, ''appellant's counsel assented to the * * * [extended] trial date but made no affirmative motion to continue the cause.'' In the instant cause, appellant's counsel affirmatively executed the waivers of time provisions. The waivers make this cause distinguishable from *Davis* and bring into play the language of the statute concerning extensions based on ''the accused's own motion,'' contrary to appellant's contention. The issue to be determined, then, is whether appellant is bound by the waivers

executed by his counsel in the absence of appellant's consent.

In a similar set of circumstances, the Supreme Court of California held that an extension of statutorily imposed time limits for trial, at the request of defendant's counsel, and over the objection of the defendant, was binding upon the defendant. *Townsend* v. *Superior Court of Los Angeles* (1975), 15 Cal. 3d 774, 543 P. 2d 619. The reasons given, at page 783, for the delay of trial in that case were "* * * (1) Inability of defense counsel adequately to prepare for trial * * * [on a date set therefor], (2) conflict in trial dates involving defense counsel * * *, and (3) a court calendar conflict * * *." Speaking to the issue of authority of counsel, the court stated, at page 781: "In general, it is well established that the power to control judicial proceedings is vested exclusively in counsel. * * * It follows that '[e]xcept where representation by counsel is so ineffective that it can be described as a "farce and a sham" * * * an attorney may ordinarily waive his client's rights * * *.'"

In *State* v. *Adair* (1970), 106 Ariz. 58, 60, 470 P. 2d 671, it was argued that "* * * the acts of * * * [defendant's] counsel in requesting a change of judge and moving for a continuance could not act as a waiver of defendant's right to a speedy trial." The Supreme Court of Arizona found that argument to be not well taken, stating: "Defendant's argument ignores the fact that normally acts of counsel to seek delays on behalf of his client are binding on the defendant." See, also, *State* v. *Taylor* (1975), 47 Ohio App. 2d 171, 352 N. E. 2d 604; *State* v. *Franulovich* (1977), 18 Wash. App. 290, 567 P. 2d 264; Annotation, 57 A. L. R. 2d 302, 309.

It is the conclusion of this court in the instant case that appellant's counsel had the authority to execute the waivers of time provisions for the purpose of trial preparation and that appellant is bound by those waivers.

It should be observed here, as the Supreme Court of California did in the *Townsend* case, at page 781, that

"[c]ounsel's control * * * is not unlimited, and there are certain fundamental protections guaranteed an accused which counsel may not waive without his client's concurrence."

It is sufficient here to hold, as we do, that a defendant's right to be brought to trial within the time limits expressed in R. C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the syllabus and the judgment.