OPINION
Defendant Dick E. Moore, Jr., appeals a judgment of the Municipal Court of New Philadelphia, Tuscarawas County, Ohio, which convicted and sentenced him for one count of driving a motor vehicle with a prohibited concentration of alcohol on his breath in violation of R.C. 4511.19(A)(3). Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO DISMISS UNDER ORC 2945.73(B) FOR FAILURE TO BRING THE APPELLANT TO TRIAL UNTIL THE FACIALLY UNREASONABLE TIME OF 328 DAYS AFTER HIS ARREST, WHICH IS BEYOND THE 90 DAY TIME LIMIT OF ORC 2947.71
The record indicates appellant was arrested on June 23, 1996. On June 26, 1996, appellant filed a request for a jury trial. On August 8, 1996, the trial court entered a judgment setting the trial for May 16, 1997, 328 days from the date of appellant's arrest. The trial court's judgment entry states the reason for extending the time limit is "due to a crowded docket". There are no other pleadings in appellant's case that would extend the trial limit past 90 days.
Appellant moved to dismiss the charges, arguing the setting of the trial date violated R.C. 2945.71(B). The trial court conducted a hearing, at which the chief deputy clerk for the Municipal Court testified regarding the trial court's docket and the procedures the clerk's office uses for setting a criminal trial date.
The chief deputy clerk, who is also the assignment commissioner for the Municipal Court, testified since January of 1991, jury trials were initially being set approximately one year in the future, although at one point the court's schedule improved to the point where they were set approximately six months in the future. Starting in 1991, the court set two days per week aside for the jury trials, a policy which continued to the present. The clerk testified in approximately 1995 the case load increased, and the total cases in 1995 were 16,436 cases. Of these, 549 were OMVI's, 13,138 were other traffic cases. Criminal felony cases comprised 188 of the cases and misdemeanors, 1,241. 1995 also brought 662 general civil cases and 658 small claims cases. The Municipal Court has four magistrates, employed part time, and the magistrates are able to hear some cases. The clerk testified when she first began working for the court, the court had a policy of setting contingent trials, but as a practical matter, the system did not work because of the last minute cancellations, waivers, and changes of plea. The clerk testified some 90 percent of all jury demands "go away" in the last day or two prior to the trial date. The clerk testified she was aware that criminal trials take precedence over civil trials, but when she sets the matters for trial, she simply noted the next available jury date, regardless of whether the case was civil or criminal. After the trial dates are set, the clerk does not go back and attempt to move up criminal jury trials which are set past the statutory deadline, even if the clerk's office becomes aware that a scheduled trial is not going forward. The clerk testified according to court records, the number of OMVI offenses handled per year from 1991 through 1996 stayed fairly constant.
The State points out a crowded trial docket has been considered a reasonable basis for extending the time for a defendant's trial, see State v. Lee (1976), 48 Ohio St.2d 208. Appellant argues, however, that the situation has been an on-going concern over the past six years, and the court had a duty to take whatever action is necessary to relieve the problem. Appellant argues extensions granted other than on the accused's motion must be reasonable, citing State v. McBreen (1978), 54 Ohio St.2d 315
at 318. Appellant argues on this record the continuance was unreasonable because the circumstances had prevailed for such a length of time that the court could and should have taken steps to relieve the problem. In State v. Daugherty (1996), 110 Ohio St.3d 103, the Ohio Supreme Court held that although a crowded docket may be a legitimate reason to extend the time period for a speedy trial, the court should not engage in practices that undercut the implementation of speedy trial provisions and unreasonably extend the time periods.
The trial court noted this court has decided a number of cases which hold court congestion may be considered a reasonable reason to extend an accused trial date beyond the speedy trial time. Those cases include State v. Jones (September 6, 1989), Tuscarawas Appellate #89AP000019; State v. Kautzman (June 7, 1989), Tuscarawas Appellate #88AP120106, unreported, and State v.Kuligowski (June 30, 1989), Tuscarawas Appellate #89AP020013, unreported.
It appears to this court that the New Philadelphia Municipal Court has long been battling valiantly but unsuccessfully against an overwhelming docket. We have no criticism of the court or the court personnel, but it is painfully apparent this court needs our intervention. To affirm appellant's conviction would be to abandon the Municipal Court to a situation which has continued for years, and which shows no sign of abating.
We must, however, remind the Municipal Court to give criminal cases priority over civil cases as required by the Supreme Court Rules of Superintendence.
We find the evidence in this case demonstrates the continuance of this matter was unreasonable, and that the trial court should have sustained the motion to dismiss for failure to bring appellant to trial within the statutory time.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of New Philadelphia, Tuscarawas County, Ohio, is reversed, and pursuant to App. R. 12, we enter final judgment of acquittal.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 97-AP-060044
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of New Philadelphia, Tuscarawas County, Ohio, is reversed and pursuant to App. R. 12, we hereby enter final judgment of acquittal.