OPINION
The State of Ohio appeals from the dismissal of theft and falsification charges against William Tyndall. The trial court dismissed the charges due to its determination that the State had failed to bring Tyndall to trial within thirty days of his arrest. For the reasons that follow, we will reverse the judgment of dismissal.
 A.
Tyndall was arrested September 9, 2000, and throughout the proceedings he remained incarcerated. On September 26, an appearance was made on Tyndall's behalf by appointed counsel, Nanon Bowers, who entered a written plea of not guilty, a request for a pretrial, a jury demand, a discovery request, and a speedy trial waiver. The arraignment entry containing the time waiver was not signed by Tyndall.
On October 16, 2000, a pretrial conference was held which resulted in an agreement that Tyndall would plead guilty as charged and the prosecutor would recommend that he be sentenced to time already served. The record does not disclose whether Tyndall was personally present at the pretrial conference. On November 9, Tyndall, with Attorney Bowers, was in court for the purpose of changing his pleas. Tyndall refused to enter pleas of guilty and indicated his preference to be represented by Attorney Thomas Mathewson. The trial court stated that it would maintain Attorney Bowers as counsel until Attorney Mathewson could be appointed as replacement counsel. The trial court reminded Tyndall and Attorney Bowers that the time waiver was still in effect. At that time, Tyndall did not state to the trial court that he had not consented to the time waiver filed by Attorney Bowers on September 26.
On November 15, Tyndall filed a number of pro se motions, including a motion for sanctions, a "motion for discharge" for want of a speedy trial based on his claim that he didn't waive his right to a speedy trial, and a motion for personal participation in the proceedings. Tyndall also wrote a letter to the clerk in which he requested the clerk to serve the motions on the prosecutor. These motions did not contain the certificate of service required by Crim.R. 49(C). The clerk did not serve the pro se motions on the prosecutor. On November 15, the trial court scheduled a jury trial for December 6, 2000. On November 17, Attorney Mathewson entered his appearance at 7:55 a.m., and Attorney Bowers moved to withdraw as counsel at 4:01 p.m.
On December 1, the prosecutor learned for the first time of the pro se motion for discharge for want of a speedy trial when he examined the file in preparation for the jury trial scheduled December 6. On December 5, Attorney Mathewson filed a "motion to discharge" on Tyndall's behalf. In this motion, he contended, inaccurately, that Tyndall had informed the court on November 9 that he had not authorized a waiver of speedy trial. He further argued that Tyndall's pro se motion of November 15 should be treated as a withdrawal of his previous waiver of speedy trial.
On December 6, the trial court, presided over by a visiting judge, held that the November 15 pro se motion for discharge for want of a speedy trial was, upon filing, effective to withdraw the prior waiver of speedy trial. The trial court stated that it was of no consequence that the pro se motion had not been brought to the attention of the prosecutor.
 B.
Pursuant to R.C. 2945.71(B)(2), the State had ninety days within which to bring Tyndall to trial. Because Tyndall was incarcerated throughout these proceedings, he was entitled to the three-for-one provisions of R.C. 2945.71(E). Tyndall was thus entitled to be brought to trial within thirty days of September 9, 2000. If the waiver of speedy trial filed by Attorney Bowers September 26 was effective, seventeen of the thirty days within which to bring Tyndall to trial would have elapsed as of that time. If the November 15 pro se motion for discharge for want of a speedy trial was effective when filed, and that motion is construed as a withdrawal of any prior waiver, then the last day upon which the State could bring Tyndall to trial would have been November 28. If, as the State argues, the time waiver was only effective at the earliest when the prosecutor learned of the pro se motion for discharge on December 1, then the jury trial scheduled for December 6 would have still been within the thirty days within which it was required to bring Tyndall to trial.
The State has not expressly advanced an assignment of error although it is clear that the State appeals as erroneous the dismissal of the charges for the State's failure to bring Tyndall to trial within thirty days of arrest, subject to any tolling of the speedy trial time effected by the time waiver filed by Attorney Bowers on September 26.
The State does advance four issues for review, the first being that "defendant waived his right to speedy trial." Although Tyndall contended during the proceedings in the trial court that he had not consented to a waiver of his right to a speedy trial, it is clear — and counsel for Tyndall concedes — that counsel can waive a defendant's speedy trial rights notwithstanding that the defendant has not consented to the waiver. See State v. McBreen (1978), 54 Ohio St.2d 315, syllabus:
 A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.
For its second issue, the State contends that "the defendant is not entitled to legal counsel and pro se legal assistance." By "pro se legal assistance" we understand the State to be arguing that Tyndall was not entitled to the clerk's assistance in serving his pro se motions of November 15 upon the prosecutor. It is not necessary for us to resolve this issue because it is clear from the record that the clerk did not serve the pro se motions upon the prosecutor. Hence, the clerk did not provide Tyndall with any extraordinary assistance about which the State can complain.
The State's third issue is that "the trial court should not have considered the defendant's pro se's motions." Crim.R. 49 provides in pertinent part as follows:
 (A) Service: when required Written notices, requests for discovery, designation of record on appeal, written motions other than those heard ex parte, and similar papers, shall be served upon each of the parties.
* * *
(C) Filing:
 All papers required to be served upon a party shall be filed simultaneously with or immediately after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D).
It is clear that Tyndall neither served the prosecutor with his motions nor endorsed upon them a proof of service. Accordingly, the State is correct when it says that the trial court should not have considered these pro se motions, to the extent that it may have done so. The record does not disclose that the trial court ruled on any of the pro se motions. The dismissal was pursuant to Attorney Mathewson's motion to discharge. The trial court did, however, treat the pro se motion for discharge as a withdrawal of the earlier waiver of speedy trial. This did not occur, however, until after the State had notice of the pro se motion for discharge.
The State's final issue for review is that "defendant must notify the prosecutor of the withdrawal of the time waiver." By December 1, the prosecutor was aware of the fact that Tyndall wished to withdraw his earlier waiver of his right to a speedy trial. The critical issue for the trial court was whether Tyndall's pro se motion for discharge was effective as a withdrawal of his speedy trial waiver on November 15, when filed, so as to make the last day upon which he could be tried November 28, or whether it was only effective when the prosecutor learned of the motion on December 1.
The State concedes that it does not have a case on all fours in support of its contention that the withdrawal of a previous waiver of the right to a speedy trial is only effective upon notice to the prosecutor of the withdrawal. We believe, however, that as a matter of policy, the State is correct. It is the responsibility of the State to bring a defendant to trial within the time limits prescribed by R.C. 2945.71 et seq., and it is the State that loses the opportunity to prosecute a defendant on criminal charges if it fails to do so. Under these circumstances, we think it only fair that the State be apprised of a defendant's withdrawal of a previous waiver of his or her right to a speedy trial before the time within which to bring the defendant to trial again begins to run.
We also find support, by analogy, for this proposition in Ohio statutory law. R.C. 2941.401 provides as follows:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter . . .
The interstate agreement on detainers found at R.C. 2963.30, et seq. contains similar language. Because these statutes seek to obtain similar objectives to those of R.C. 2945.71 et seq., we believe that R.C. 2945.71
et seq., which is silent on the subject, should be augmented by case law to provide that the withdrawal of a waiver of the right to a speedy trial is only effective upon notification of that withdrawal to the prosecuting authority.
Having concluded that the trial court erred in determining that Tyndall had effectively withdrawn his waiver of his right to a speedy trial November 15, and having concluded that the withdrawal was effective no sooner than December 1, the December 6 trial date was within the thirty days within which Tyndall was required to be brought to trial. Accordingly, the judgment of dismissal will be reversed, and the matter will be remanded to the trial court for further proceedings.
FAIN, J. and GRADY, J., concur.