OPINION
Russell K. Bright is appealing from his conviction after a jury trial of three counts of possession of drugs, one count for possession of drug paraphernalia, and one count of possession of alcohol. He was arrested and incarcerated and remained in jail for thirty-four days before posting bond. His time spent in custody, with each day counted as three days for speedy trial purposes, easily exceeded, at the end, his time to be brought to trial, which would have been ninety days on his misdemeanors one and two and forty-five days as part of the misdemeanors three and four., Appellant was arrested on August 13, 2000, but counsel was appointed for him on August 28, 2000. Counsel, without consulting appellant and therefore without his consent, filed a document that included first, an appearance of counsel, second, a not guilty plea, third, a time waiver, and fourth, a discovery request.
The appellant disagreed with his appointed counsel's actions and even threatened him with a lawsuit. Tr. 2 (Hearing, March 29, 2001). Counsel was allowed to withdraw, and the trial date was extended to allow appellant to obtain new counsel. On the trial date, May 3, 2001, appellant's new counsel moved before trial to dismiss the case on speedy trial grounds because he had not agreed with a waiver of a speedy trial rights. The court overruled that motion, and the trial proceeded.
On appeal, the appellant, represented by new counsel, presents the following three assignments of error:
 1. WHETHER THE TIME WAIVER BY COUNSEL WAS VALID WITHOUT EXPLANATION, WITHOUT CONSULTATION, WITHOUT APPELLANT'S CONSENT OR SIGNATURE, AND IN AN INITIAL FILING ALONG WITH AN APPEARANCE OF COUNSEL, NOT GUILTY PLEA, AND DISCOVERY REQUEST.
 2. WHETHER THE TRIAL COURT ERRED BY ACCEPTING THE TIME WAIVER WITHOUT EXPLANATION, WITHOUT CONSULTATION, WITHOUT APPELLANT'S CONSENT OR SIGNATURE, AND IN AN INITIAL FILING ALONG WITH AN APPEARANCE OF COUNSEL, NOT GUILTY PLEA, AND DISCOVERY REQUEST.
 3. WHETHER THE TRIAL COURT ERRED BY NOT ALLOWING TESTIMONY ON THE APPELLANT'S MOTION TO DISMISS, BASED ON APPELLANT'S RIGHT TO A SPEEDY TRIAL BEING VIOLATED.
We note that appellee did not file a brief, and we therefore accept the facts and statement of the proceedings from the appellant's brief as set forth above.
In his first two assignments of error, appellant questions the validity of a time waiver filed by his counsel without his advance consent. The Ohio Supreme Court has held that a defendant's speedy trial rights may be waived by his counsel for reasons of trial preparation, and the defendant is bound by the waiver even though the waiver is executed without his consent. State v. McBreen (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, syllabus. It seems obvious to us, as it did to the trial court, that when his counsel filed a document which included a discovery request, the counsel needed time for trial preparation, and therefore the waiver is valid. The Supreme Court in McBreen noted that in a similar case from California, its Supreme Court held that an extension of statutory imposed time limits for trial, at the request of defendant's counsel, and even over the objection of the defendant, was binding upon the defendant. The Supreme Court also quoted from an Arizona case which stated that normally acts of counsel to seek delay on behalf of his client are binding on the client. Id., 304. The first two assignments of error are overruled.
As to the third assignment of error, we could find no abuse of discretion in the trial court ruling on the motion to dismiss without taking any testimony. The matter was already on the record and given the law on the issue, the defendant's testimony that he did not authorize a waiver of speedy trial would have been to no avail.
All three assignments of error are overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.