JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tod A. Clingman, appeals from a judgment of the Berea Municipal Court, finding him guilty of menacing and sentencing him. Because we conclude that Clingman's speedy trial rights are violated, we vacate his conviction.
 {¶ 2} Clingman was issued a citation and summons from the city of Brook Park Police Department on September 12, 2005. He was cited for menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree. He entered a plea of not guilty by reason of insanity that same day.
 {¶ 3} The trial court set the matter for pretrial on October 17, 2005.
 {¶ 4} On September 27, 2005, Clingman filed several pro se documents, including a motion to dismiss, a counter-complaint, and an emergency motion for *Page 3 
hearing. The trial court immediately denied the motion to dismiss, but held its ruling on the other motions until the October 17, 2005 pretrial hearing.
 {¶ 5} On October 5, 2005, Clingman's defense counsel filed a motion to continue the October 17, 2005 pretrial due to a scheduling conflict, which the trial court granted. The trial court rescheduled the pretrial to October 24, 2005.
 {¶ 6} At that pretrial, the trial court referred Clingman for a competency and mental health assessment and continued the matter for sixty days, scheduling a competency hearing on January 23, 2006.
 {¶ 7} The docket indicates that on January 23, 2006, Clingman called the court to inform the court that he was in Lakewood Hospital. He requested a thirty-day continuance.
 {¶ 8} On February 1, 2006, the docket indicates that Clingman again called the court to report that he was still in Lakewood Hospital, and that he did not know when he would be released. He gave the court his contact information at the hospital. On February 6, 2006, the trial court received a letter from a social worker at Lakewood Hospital, stating that Clingman was admitted on January 23, 2006. No release date was given in the letter.
 {¶ 9} On February 13, 2006, Clingman filed with the court a letter to the Lakewood Hospital's medical records department, stating, "[y]ou are to provide the summary report to Berea Court Judge Comstock for the Jan.-Feb. 2006 hospitalization of my self." *Page 4 
 {¶ 10} There is nothing else indicated on the docket until April 5, 2006. On that day, the docket reflects that "def is out of the hospital set for OH/comptency." The following docket entry indicates that the trial court set the competency hearing for May 8, 2006.
 {¶ 11} The May 8, 2006 docket entry reads, "suggestion of incompetency w/drawn and motion is withdrawn trial to be scheduled in Aug. jury trial."
 {¶ 12} The parties filed an App.R. 9(C) statement of proceedings on January 9, 2007, regarding the May 8, 2006 hearing. In it, the trial court stated:
 {¶ 13} "Prior to the hearing on May 8, 2006 to determine whether the Defendant was mentally competent to stand trial, Defendant's attorney informed the trial court that the Defendant was withdrawing his not guilty by reason of insanity, plea. A discussion was then had by counsel for both parties with the trial court as to the scheduling of the jury trial in this case. Due to scheduling conflicts of both attorneys in this case and the dates the trial court was available for jury trial, the trial court and the attorneys agreed that the trial in this case would take place on the first available date for jury trial in August, 2006. The trial court subsequently scheduled this case for jury trial on August 15, 2006. The Defendant never executed a written waiver of speedy trial in this case. Furthermore, the Defendant personally did not consent to or object to the trial date of August 15, 2006."
 {¶ 14} The next relevant docket entry was dated June 7, 2006, giving notice to the parties that a jury trial had been scheduled for August 15, 2006. *Page 5 
 {¶ 15} The trial transcript indicates that at the start of his trial, Clingman orally moved for a dismissal, claiming that his speedy trial rights were violated.
 {¶ 16} The August 15, 2006 docket entry reads:
 {¶ 17} "Def Motion to Dismiss because time has expired — speedy trial — motion denied. Original Motion to Dismiss pro se denied. Defendnt [sic] Motion to have defendant determined incompetent, Motion denied. Jury called, voir dire jury sworn, Plaintiff #1 Eleanor Loney cross-examined, Plaintiff #2 Officer Harold Duncan cross-examined, Prosecution rest. Defendant #1 Elizabeth Clingman, cross-examined, no redirection, defendant rest. No rebuttall. [sic] Closing arguments had. Verdict Guilty, refer to PSI."
 {¶ 18} On September 18, 2006, the docket reflects that Clingman was sentenced to ten days in jail, but the trial court stayed the jail term for ten days due to a possible appeal. He was also ordered to pay a $100 fine and $791 in court costs, and given monitored probation for one year. The trial court further ordered that Clingman not repeat the same or related offense and advised him that failure to comply with all conditions of probation would result in imposition of maximum penalties under law.
 {¶ 19} It is from this judgment that Clingman appeals, raising the following four assignments of error:
 {¶ 20} "[1.] The state failed to present sufficient evidence to sustain appellant's conviction. *Page 6 
 {¶ 21} "[2.] The appellant's conviction is against the manifest weight of the evidence.
 {¶ 22} "[3.] The trial court erred when it denied appellant his right to a speedy trial.
 {¶ 23} "[4.] The trial court['s] failure to grant appellant's motion for examination of competency violated his due process and other constitutional rights."
 {¶ 24} Because Clingman's third assignment of error is dispositive of this appeal, we will address it first. In this assignment, Clingman argues that both his statutory and constitutional speedy trial rights were violated. We agree.
 {¶ 25} It is well-established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. See, e.g., State v. Singer (1977), 50 Ohio St.2d 103. "Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for release." State v. Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. State v. Butcher (1986),27 Ohio St.3d 28, 31. Furthermore, defendant's rights to a speedy trial may be waived provided that such waiver is either expressed in writing or made in open court on the record. State v. King (1994),70 Ohio St.3d 158, syllabus.
 {¶ 26} R.C. 2945.71(B)(1) provides, "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall *Page 7 
be brought to trial * * * [w]ithin forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree * * *."
 {¶ 27} Clingman was arrested on September 12, 2005 for a fourth degree misdemeanor. He immediately entered a not guilty by reason of insanity plea, which tolled his speedy trial time. R.C. 2945.72(B).
 {¶ 28} The trial court scheduled a competency hearing for January 23, 2006. The docket indicates that on that day, Clingman called the court to request a thirty-day continuance because he was going to be in the hospital. On February 6, 2006, the trial court received a letter from a social worker at Lakewood Hospital, stating that he was "currently a patient at Lakewood Hospital." The letter did not give an expected release date.
 {¶ 29} There is not another docket entry until April 5, 2006, indicating that Clingman "is out of the hospital set for OH/competency." The trial court then set the competency hearing for May 8, 2006. It was at that hearing that Clingman withrew his not guilty by reason of insanity plea. Under R.C. 2945.72(B), a not guilty by reason of insanity plea tolls the speedy trial time until that issue is resolved. State v.Palmer (1998), 84 Ohio St.3d 103, 105-106, citing State v. Walker
(1976), 46 Ohio St.2d 157. Thus, it was at that time Clingman's speedy trial time began to run.
 {¶ 30} The trial court set the matter for trial on August 15, 2006, ninety-nine days later, well over the forty-five-day time to bring Clingman to trial. Clingman maintains that he did not waive his speedy trial rights. The city does not contend *Page 8 
that Clingman executed a waiver of a speedy trial. Rather, it asserts that under State v. Davis (1976), 46 Ohio St.2d 444, Clingman's defense counsel's "actions, agreeing to an August trial date, served as a reasonable continuance of the speedy trial time period." The issue in this appeal, then, is whether Clingman's defense counsel's participation at the May 8, 2006 hearing, scheduling a mutually agreeable trial date outside the speedy-trial time, constitutes a valid waiver of Clingman's speedy trial rights.
 {¶ 31} We agree with the city that under Davis, supra, a trial court has discretion to extend the time limits of R.C. 2945.71 where counsel for the accused volunarily agrees to a trial date beyond the statutory time limits. In addition, under State v. McBreen (1978),54 Ohio St.2d 315, a defendant's right to be brought to trial within the time limits may be waived by his counsel, and the defendant will be bound by that waiver even though the waiver was executed without his consent. SeeState v. Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017.
 {¶ 32} The instant appeal, however, is distinguishable. In this case, neither Clingman, nor his defense counsel, executed a waiver of his speedy trial rights. It is axiomatic that, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." State v. King (1994), 70 Ohio St.3d 158, syllabus, citingState v. Obrien (1987), 34 Ohio St.3d 7; State v. Mincy (1982),2 Ohio St.3d 6. In fact, in *Page 9 McBreen, the Supreme Court noted that the attorney who waived his client's speedy trial rights did so in writing, and the written waiver was in the record. Id. at 315.
 {¶ 33} Here, it is apparent from the record that Clingman's defense counsel did not waive Clingman's speedy trial rights. In the statement of proceedings, the trial court explained that it, the prosecutor, and Clingman's defense counsel agreed on an August trial date. However, the record is devoid of any waiver, written or oral, of Clingman's speedy trial rights, by either Clingman or his defense counsel. Further, the record does not indicate that at the May 8, 2006 hearing, Clingman's speedy trial rights were even considered. See Village of Ottawa Hills v.Afjeh (June 23, 2000), 6th Dist. No. L-99-1074, 2000 Ohio App. LEXIS 2803; State v. Gaines, 9th Dist. No. 00CA008298, 2004-Ohio-3407.
 {¶ 34} Accordingly, we conclude that Clingman's statutory rights were violated. As such, we need not reach his constitutional argument. Clingman's third assignment of error is well taken.
 {¶ 35} Since we sustain Clingman's third assignment of error, his remaining three assignments of error are moot.
 {¶ 36} The judgment of the Berea Municipal Court is reversed and Clingman's conviction is vacated.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1