[Cite as *State v. Pittman*, 2013-Ohio-962.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25167 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-4038 |
| v. | : | |
| | : | |
| JERMALE PITTMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of March, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOSEPH R. HABBYSHAW, Atty. Reg. #0089530, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. #0071648, Clyo Professional Center, 7960 Clyo Road, Dayton, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The Defendant-appellant, Jermale Pittman, appeals from his conviction and

sentence for domestic violence. He presents two arguments: his statutory right to a speedy trial was violated; and his trial counsel provided ineffective assistance in the conduct of his jury trial. We determine that Pittman was not denied his speedy-trial right and that his trial counsel did not provide ineffective assistance. Accordingly, the trial court's judgment is affirmed.

{¶ 2} Jennifer Heflin and Jermale Pittman have known each other for sixteen years and have four children together. On August 31, 2011, they were at home when they began arguing. Heflin testified that Pittman choked her for about twenty or thirty seconds. Heflin ran to her daughter's room to get her daughter's phone to call 911. Pittman followed, grabbed the phone from the daughter, and broke it. Heflin eventually called the police on another phone. Her neck was burning, and she had a large visible scratch on her neck. Pittman left before the police arrived.

{¶ 3} The docket before us begins with the December 22, 2011 filing of a single-count indictment for felony domestic violence, alleging the August 31, 2011 offense and alleging a prior domestic-violence conviction. However, the defense filed a motion to dismiss on March 12, 2012, asserting that the defendant's statutory right to a speedy trial was violated. (Doc. #27). A hearing on the motion was conducted on the record on March 14, 2012, the morning of trial. The facts represented, or demonstrated, at that hearing appear to be undisputed. On November 19, 2011, the defendant was arrested on unrelated misdemeanor charges and on a misdemeanor domestic-violence warrant that apparently had been issued regarding the August 31, 2011 incident. After the arrest, the State learned that the defendant had a prior domestic-violence conviction. As a result, a felony complaint for domestic violence and a felony warrant were issued on November 29, 2011. The trial court had before it

a printout of the municipal-court docket of the misdemeanor domestic-violence case and the municipal-court docket of the felony domestic-violence case. Upon reviewing that documentation, the trial court determined that both of those cases had been dismissed on December 5, 2011.[1] The trial court then stated:

> Therefore, after December 5th until he was indicted on December 22nd, which is a period of 17 days, he was not being held on the domestic charge; either the misdemeanor or the felony. And, therefore, that time cannot be counted against the 90 days because there was no case pending whatsoever on the domestic violence. Now, the defendant was being held in jail on misdemeanors, but there was no domestic violence charge pending between December 5th and the 22nd * * *.

(Motion to Dismiss Tr. at 10).

{¶ 4} The record also contains three separate defense-requested motions for continuances, each for one week and each approved by a trial-court entry. (Doc. #13, 16, 24). The jury trial commenced March 14, 2012.

{¶ 5} As pertinent here, R.C. 2945.71(C) provides: "A person against whom a charge of felony is pending: * * *(2) Shall be brought to trial within two hundred seventy days

---

[1] The court stated: "[I]t was set down I assume perhaps for a preliminary hearing[.]" (Motion to Dismiss Tr. at 10). That would be consistent with R.C. 2945.71(C)(1), which requires a preliminary hearing within ten days if the accused is in jail. The felony charge was initiated on November 29, 2011.

At the hearing, the defendant's trial counsel argued that there was no journal entry dismissing the felony on December 5, 2011, but he produced no evidence to that effect. Moreover, in an amended brief filed February 12, 2013, appellate counsel acknowledges "the municipal court did dismiss the domestic violence charges against the defendant-appellant on December 5, 2011[.]" (Appellant's Amended Brief at 8).

after the person's arrest." If the accused is held in jail on that charge, each day is counted as three days. R.C. 2945.71(E). However, the "'triple-count' provision applies only when the defendant is being held in jail solely on the pending charge. * * * Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges." (Citations omitted) *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶7.

{¶ 6}    Undoubtedly, the defendant was being held on other charges because, even according to trial counsel's own account, he remained in jail after the domestic-violence charges were dismissed. However, the record before us does not reveal precisely when those other charges were initiated or when, or how, they were resolved. Giving all benefit to the defendant, we will start triple counting the day after his November 19, 2011 arrest.[2]   Crim. R. 45(A). Counting November 20, 2011 until December 5, 2011 is sixteen days, times three, or forty-eight days.   We agree with the trial court that the time from December 5, 2011 to December 22, 2011 is not counted because there was no domestic-violence charge pending and the defendant was not held in jail on that charge. From December 23, 2011 to March 14, 2012 (2012 was a leap year) is eighty-two days. However, at least fourteen days are subtracted to account for two of the one-week continuances requested by the defense.[3] That leaves

---

[2]   Arguably, the time does not begin to run until the day after the felony charge was initiated on November 29, 2011.

[3]   An argument was made that the third seven-day continuance should not be counted because newly appointed trial counsel only requested a continuance of the final pre-trial conference, which did not affect the already-set trial date. The motion and entry do not support that contention. Nevertheless, the trial court, also giving the defendant the benefit of any doubt, did not count the third continuance against him. For the same reason, nor shall we.

An argument also was made that the continuances should not be counted against the defendant because he did not agree to them.

sixty-eight days post-indictment counted against the State, times three, or 204 days. For speedy trial purposes, then, only 252 of the allowed 270 days elapsed before trial. We agree with the trial court that the defendant's statutory right to a speedy trial was not violated. The first assignment of error is overruled.

{¶ 7} The argument in support of the second assignment of error asserts that the defendant's trial counsel rendered ineffective assistance (1) by introducing evidence of a second prior domestic-violence conviction from 1999, (2) by failing to proffer into the record two letters from Ms. Heflin, purportedly apologizing for the offense, that were excluded as hearsay, and (3) by failing to object to a copy of the defendant's prior conviction that was certified by a deputy clerk of court rather than the clerk himself.

{¶ 8} To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate both that counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *State v. Crowley*, 2d Dist. Clark No. 2009 CA 65, 2009–Ohio–6689, *7, citing *Strickland* at 688. Deficient performance means that claimed errors were so serious that counsel was not functioning as the "counsel" the Sixth Amendment guarantees. *Id.*, citing *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70

---

But counsel may waive a client's right to a speedy trial pursuant to R.C. 2945.71 even when the client is unaware and has not been informed of the waiver. *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978). Here, the defendant did not have to be aware of, or acquiesce in, the brief continuances, each of which extended the speedy-trial time.

(1992).

**{¶ 9}**　We do not find reference to a 1999 domestic-violence charge by trial counsel to be ineffective assistance for at least two reasons. First, counsel did not initially raise the subject of the 1999 offense. Undoubtedly, the 2010 offense necessarily was introduced as the predicate for making the current charge a felony. During cross examination of Ms. Heflin, defense counsel attempted to point out that although the victim and the defendant had numerous arguments, they still were living together and the victim did not want to pursue the current charges. The following exchange then took place:

Q. In fact, the first domestic violence offense that you had back in 2010 –

A. No, that was not the first time.

Q. I mean that's the first time that he pled guilty to the offense, is that right?

A. It was not.

Q. All right. When was the first time?

A. The first time he ever pled guilty to domestic violence was in '99, I do believe.

Q. Uh-huh. And what was that incident? Y'all were arguing, were you not?

A. He got into a fight.

(Trial Tr. at 97).

**{¶ 10}**　It is apparent to us that the witness is the one who broached the subject of the

1999 conviction. The witness's comment leads to the second reason why counsel's performance was not ineffective. Counsel attempted to continue the line of questioning to point out that there had been many arguments and that the prior domestic-violence offense was for making threats, not for actual physical violence. A sidebar discussion included the following exchange:

> The court: If all you're trying to point out is a domestic violence conviction was for making threats–
>
> Defense counsel: That is correct, Your Honor.

(*Id.* at 99).

{¶ 11}  It is apparent from the record that counsel engaged in a reasonable strategy by attempting to point out that the pair had numerous arguments, they were still together, the victim did not want to prosecute, and the prior conviction was for threats, not physical abuse. Given the sequence of cross examination and the reasonable trial strategy, counsel's actions regarding the 1999 conviction did not constitute ineffective assistance.

{¶ 12}  The next issue concerns the letters written by Ms. Heflin. Shortly before the defendant was called to testify, there was a discussion about the letters on the record and out of the jury's presence. Defense counsel indicated that he had "just received" two letters from his client that had been written to the defendant by the victim, one of which was dated December 26, 2011.  The other was undated.  Counsel explained: "[T]he letters contain comments about her desire to have him back home, for him to provide financial assistance to her, her water was off, how much she missed him, that she's sorry that this offense occurred, that it had to go this far." (*Id*. at 139). Counsel referred to this statement as a "proffer," but the

letters themselves were not marked or preserved for the record. The State objected to any use of the letters during the defendant's testimony. The trial court ruled that the defense could not use the letters because they were hearsay and were produced too late. (*Id*. at 141).

{¶ 13} On appeal, the defendant argues it was ineffective assistance to fail to preserve the letters in the record and to fail to argue that they were admissible under a hearsay exception. Taking these arguments in reverse order, we fail to see what "exception to the hearsay rule" might apply, and the appellant does not specify any. The trial court correctly excluded the letters. Having the actual letters before us, rather than counsel's summary of their content, would not make any difference. Therefore, it was not ineffective assistance to fail to preserve the letters themselves in the record. Finally, we note that if an alleged error requires presentation of evidence outside the record (here, the letters themselves), it must be raised in a post-conviction relief petition rather than on direct appeal. *State v. Cooperrider*, 4 Ohio St.3d 226, 228–229, 448 N.E.2d 452 (1983).

{¶ 14} Appellant's last ineffective-assistance argument is that counsel did not object to admission of the prior-conviction document (State's Exhibit 2) that was certified by a deputy clerk rather than the clerk himself. We have examined the exhibit. It contains a raised, embossed seal of the clerk of courts and certification by a deputy clerk. Nothing in the document itself raises an apparent question of authenticity. We note that R.C. 3.06(A) provides: "A deputy, when duly qualified, may perform any duties of his principal." We conclude that trial counsel did not provide ineffective assistance by failing to object to the exhibit on the basis that it was signed by a deputy clerk.[4]

---

[4] An argument could be made that the exhibit is a copy of three court documents that do not bear a file stamp and that it does not

{¶ 15}   Because we conclude that trial counsel's representation did not constitute ineffective assistance of counsel, the second assignment of error is overruled.

{¶ 16}   Both of Pittman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Joseph R. Habbyshaw
Pamela L. Pinchot
Frances E. McGee

---

contain the actual judgment entry of conviction. Nevertheless, the victim testified about the prior convictions (Trial Tr. at 78, 97), and the defendant acknowledged the 2010 conviction (*Id.* at 158). Given that undisputed evidence, we do not see any prejudice in the admission of Exhibit 2.