[Cite as *State v. Dukes*, 2016-Ohio-5596.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27966 |
|---|---|

Appellee

v.

APPEAL FROM JUDGMENT
ENTERED IN THE
LAVONTE L. DUKES
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
Appellant
CASE No.    CR 15 04 1156

DECISION AND JOURNAL ENTRY

Dated: August 31, 2016

HENSAL, Judge.

{¶1}    Lavonte Dukes appeals his convictions and sentence in the Summit County Court of Common Pleas for felonious assault, vandalism, and breaking and entering. For the following reasons, this Court affirms.

I.

{¶2}    On February 25, 2015, officers John Morgan and James Hadbavny responded to a report of domestic violence at a residence in Akron. They parked their cruiser a short distance from the house and began walking in the street towards it. As they did, they saw a dark van leaving the driveway of the house. At first, the van stopped and went back into the driveway. Moments later, however, it sped out of the driveway and headed straight at them. The officers jumped out of the way, and identified Mr. Dukes as the driver of the van as it went by them. After passing the officers, the van crashed into the officers' cruiser and another vehicle before continuing down the street. The officers attempted to pursue the van, but there was too much

damage to their cruiser. After returning to the house, a woman also told the officers that Mr. Dukes had been the person driving the van.

{¶3} A few weeks later, someone broke into a storage facility owned by the City of Akron. From evidence recovered at the scene, the police determined that it was Mr. Dukes. The Grand Jury indicted Mr. Dukes for two counts of felonious assault and one count of vandalism arising out of the February 25 incident. It later issued a supplemental indictment charging Mr. Dukes with breaking and entering the storage facility. Before trial, Mr. Dukes moved to dismiss the charges for violation of his speedy trial rights. The trial court denied his motion, and a jury found him guilty of the offenses. The trial court sentenced Mr. Dukes to a total of seven and a half years imprisonment. Mr. Dukes has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO DISMISS BASED ON HIS SPEEDY TRIAL RIGHTS.

{¶4} Mr. Dukes argues that the trial court should have granted his motion to dismiss because he was not tried within the time allowed by Ohio Revised Code Section 2945.71. "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Bennett*, 9th Dist. Summit No. 21121, 2003-Ohio-238, ¶ 5. We must accept the factual findings of the trial court, however, "if they are supported by some competent, credible evidence." *Id*.

{¶5} Section 2945.71(C)(2) provides that a person who is accused of a felony shall be brought to trial within 270 days. Because Mr. Dukes was held in jail during the pretrial period,

each day counted as three for speedy-trial purposes. R.C. 2945.71(E). The time is tolled, however, during "any continuance granted on the accused's own motion[.]" R.C. 2945.72(H).

{¶6} Mr. Dukes notes that the trial court continued the proceedings on May 12, 2015, and May 22, 2015. He argues that only the first continuance can be charged to him because the court's entry regarding the second continuance does not indicate that it was at his request. The trial court, however, later amended the May 22, 2015, entry nunc pro tunc to indicate that the continuance was at the request of the defendant's attorney. Although there is no indication in the record that Mr. Dukes objected to the continuance, he is bound by his counsel's request even if it was without his consent. *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus.

{¶7} Because Mr. Dukes's speedy trial time was tolled during both May 2015 continuances, we conclude that the trial court correctly denied his motion to dismiss. Mr. Dukes's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT'S CONVICTIONS WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT, AND FAILED TO MERGE APPELLANT'S CONVICTIONS FOR SENTENCING.

{¶8} Mr. Dukes also argues that the trial court should have merged his sentences for felonious assault and vandalism because those offenses occurred during the same incident and arose out of the same conduct. Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at paragraph two of the syllabus.

{¶9} The jury found Mr. Dukes guilty of committing two felonious assaults, one against Officer Morgan and the other against Officer Hadbavny. Because each count involved a different victim, they do not merge under Section 2941.25. The jury also found Mr. Dukes guilty of vandalizing the officers' police cruiser, which was owned by the Akron police department. Because that offense involved a different victim than the felonious assault offenses, it also does not merge under Section 2941.25. We, therefore, conclude that the trial court correctly denied Mr. Dukes's request to merge the offenses for sentencing purposes. Mr. Dukes's second assignment of error is overruled.

III.

{¶10} Mr. Dukes's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JACOB T. WILL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.