OPINION
{¶ 1} Orlando Shepherd ("Shepherd") appeals the February 10, 2003 judgment entry of the Ashtabula County Court of Common Pleas sentencing Shepherd to six years for a violation of R.C. 2903.11, a felony of the second degree, to run consecutively with the sentence Shepherd was serving on another matter. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} While incarcerated in prison, Shepherd was charged with felonious assault and assault on a corrections officer. Three other inmates, Ryan Lester, Maurice Varner, and Emanuel Shepherd ("Emanuel"), were also charged. Shepherd pleaded not guilty to the charges.
 {¶ 3} A jury trial commenced on February 5, 2003. Shepherd and Emanuel were tried jointly. After the commencement of the trial, but prior to any witnesses being heard, Shepherd withdrew his not guilty plea and pleaded no contest to the felonious assault charge. The assault charge was dismissed. Emanuel's jury trial continued.
 {¶ 4} After the conclusion of Emanuel's jury trial, the trial court conducted Shepherd's sentencing hearing. The trial court sentenced Shepherd to six years, to run consecutively with the sentence Shepherd was serving on another matter.
 {¶ 5} Shepherd timely appealed and raises the following assignments of error:
 {¶ 6} "[1.] The trial court's imposition of consecutive sentences upon appellant is contrary to law.
 {¶ 7} "[2.] The trial court's imposition of a sentence greater than the minimum sentence is contrary to law.
 {¶ 8} "[3.] The trial court erred by denying the appellant's motion to dismiss, as appellant's right to a speedy trial, pursuant to R.C. 2941.401, had been violated.
 {¶ 9} "[4.] Appellant received ineffective assistance of counsel in violation of his rights pursuant to theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 10} In the interests of judicial economy, we will examine Shepherd's assignments of error out of order. In his third assignment of error, Shepherd argues that the continuances of his trial were not properly sought or granted as required by R.C.2941.401. Thus, Shepherd claims that the 180 day speedy trial provision of R.C. 2941.401 was violated, requiring a dismissal of the case.
 {¶ 11} The speedy trial guarantee is "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." State v. Adams
(1989), 43 Ohio St.3d 67, 68, quoting United States v. Marion
(1971), 404 U.S. 307, 320. The speedy trial provisions must be strictly enforced. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus.
 {¶ 12} Pursuant to R.C. 2941.401, an inmate that, during his or her incarceration, has a pending criminal complaint against him or her "shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter." "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice." Id.
 {¶ 13} Once a defendant establishes that 180 days have expired under R.C. 2941.401, "the State then bears the burden of demonstrating any tolling or extensions of time." State v.Doane (July 9, 1992), 8th Dist. No. 60097, 1992 Ohio App. LEXIS 3579, at *8 (citation omitted). R.C. 2941.401 provides a trial court with discretion to "grant any necessary or reasonable continuance" "for good cause shown in open court, with the prisoner or his counsel present." "[T]he factors set forth in R.C. 2945.72 for tolling time are applicable to R.C. 2941.401."State v. Pesci, 11th Dist. No. 2001-L-026, 2002-Ohio-7131, at ¶ 33. These factors include "[t]he period of any continuance granted on the accused's own motion." R.C. 2945.72(H).
 {¶ 14} Although the language of R.C. 2941.401 seems to require a continuance to be granted in open court with the prisoner or his counsel present, courts, including this court, consistently have tolled the speedy trial period for those reasons contained in R.C. 2945.72 when made by the defendant'sown motion even if the request was not sought or granted in open court with the presence of the defendant or his or her counsel. See Pesci, 2002-Ohio-7131, at ¶ 40; State v. Curry (Sept. 30, 1997), 4th Dist. No. 95CA2339, 1997 Ohio App. LEXIS 4495, *11-*12; State v. Judd (Sept. 19, 1996), 10th Dist. No. 96APA03-330, 1996 Ohio App. LEXIS 4109, at *11-*12; Doane,
1992 Ohio App. LEXIS 3579, at *8; State v. Logan (1991),71 Ohio App.3d 292, 297-298. Moreover, a defendant may waive his or her speedy trial rights as long as that waiver is made knowingly, intelligently, and voluntarily. Adams, 43 Ohio St.3d at 69. In fact, defense counsel may waive his client's speedy trial rights "even though the waiver is executed without his consent." Statev. McBreen (1978), 54 Ohio St.2d 315, syllabus.
 {¶ 15} In this case, Shepherd provided the notice required by R.C. 2941.401 on March 15, 2002. Thus, absent any tolling or extensions of time, the 180 day speedy trial period expired on September 11, 2003.[1] Since Shepherd's jury trial commenced on February 5, 2003, the charge should have been dismissed unless there was sufficient tolling of the 180 day period.
 {¶ 16} The record indicates that a jury trial on this matter originally was scheduled to commence on July 30, 2002, well within the 180 day speedy trial period. However, on July 23, 2002, Shepherd moved for a continuance, as his counsel needed more time to prepare for trial. The trial court granted Shepherd's continuance and rescheduled the trial for October 29, 2002. On October 4, 2002, the prosecution moved for a continuance because of a previously scheduled vacation. The trial court granted the continuance and rescheduled the trial for November 13, 2002. On November 1, 2002, Shepherd waived his speedy trial rights. The trial was eventually rescheduled for February 5, 2003.
 {¶ 17} Since Shepherd's July 23, 2002 motion for a continuance tolled the speedy trial period for 73 days[2]
and since Shepherd waived his speedy trial rights on November 1, 2002, Shepherd was brought to trial within 157 days.[3]
Thus, we find that Shepherd was properly brought to trial within the requisite 180 days. See Pesci, 2002-Ohio-7131, at ¶ 40;Curry, 1997 Ohio App. LEXIS 4495, *11-*12; Judd,
1996 Ohio App. LEXIS 4109, at *12; Doane, 1992 Ohio App. LEXIS 3579, at *8; Logan, 71 Ohio App.3d at 297-298.
 {¶ 18} Shepherd's third assignment of error is without merit.
 {¶ 19} Since Shepherd's first and second assignments of error challenge the imposition of sentence, they will be reviewed together. Shepherd argues that, although the trial court made the requisite findings in order to impose consecutive sentences and to impose a sentence greater than the minimum, the findings were based upon facts and statements not contained in the record. Thus, Shepherd argues that the imposition of a sentence greater than the minimum and imposition of consecutive sentences was contrary to law.
 {¶ 20} Pursuant to R.C. 2953.08, this court reviews a felony sentence de novo. State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, at ¶ 68. In doing so, we conduct a meaningful review of the imposition of sentence. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08.
 {¶ 21} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 22} A court that sentences an offender "shall impose the shortest prison term authorized for the offense * * * unless * * * [t]he offender was serving a prison term at the time of the offense." R.C. 2929.14(B)(1). Since Shepherd was incarcerated at the time of the assault which is the subject of this appeal, the trial court did not err in sentencing Shepherd to a prison term greater than the minimum.
 {¶ 23} R.C. 2929.14(E)(4) requires the trial court to make three findings in order to sentence an offender to consecutive sentences: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender, * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * * [and (3)] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." "[P]ursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 99 Ohio St.3d 463, at ¶ 20. "Consecutive sentences are reserved for the worst offenses and offenders." Id., at ¶ 21 (citation omitted). Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C.2929.14(E)(4). Id.
 {¶ 24} In making the necessary findings, the trial court "may consider any * * * factors that are relevant to achieving [the] purposes and principles of sentencing." R.C. 2929.12(A). Moreover, since a "plea bargain [does] not preclude the trial court from considering the underlying facts" of the case, Statev. Hayes, 8th Dist. No. 81090, 2002-Ohio-6232, at ¶ 9, the trial court may "take into account the true facts of a case." Statev. Huntley, 4th Dist. No. 02CA15, 2002-Ohio-6806, at ¶ 14 (emphasis added). {¶ 25} The record indicates that the trial court made all the requisite findings at the sentencing hearing in order to impose consecutive sentences, and Shepherd concedes as much. In doing so, the trial court supported its findings with the true facts of the case, which the court ascertained from the plea hearing, opening statements from the joint trial, testimony from Emanuel's trial, Shepherd's letter describing the incident, and the prosecution's statements during the sentencing hearing. Since the court properly considered the true facts of the case in making the requisite findings, we find that the trial court did not err in sentencing Shepherd to consecutive sentences. See id.
 {¶ 26} Shepherd's first and second assignments of error are without merit.
 {¶ 27} In his final assignment of error, Shepherd argues that he was denied his right to the effective assistance of counsel. Specifically, Shepherd argues that his counsel was ineffective for failing to object to the trial court's imposition of sentence because the trial court improperly supported its findings. Shepherd also argues that his counsel was ineffective for moving for a continuance when Shepherd filed the notice required by R.C.2941.401 that commenced the running of the 180 day speedy trial period.
 {¶ 28} To establish a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 29} "[T]he proper standard for attorney performance is that of reasonably effective assistance * * * [and] the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. Thus, a defendant "must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., quoting Michel v. Louisiana (1955),350 U.S. 91, 101. "Debatable trial tactics generally do not constitute a deprivation of effective counsel." State v.Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171 (citation omitted).
 {¶ 30} "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Seiber (1990), 56 Ohio St.3d 4, 11, citing Strickland, 466 U.S. at 695; see Strickland,466 U.S. at 687 ("counsel's errors [must be] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable"). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland,466 U.S. at 691 (citation omitted). a. In this case, as discussed above, the trial court properly considered the true facts of the case in making the requisite findings pursuant to R.C.2929.14(E)(4) in sentencing Shepherd to consecutive sentences. Thus, Shepherd's counsel did not render ineffective assistance of counsel for failing to object to the sentence imposed.
 {¶ 31} The waiver of the right to a speedy trial, including a motion for a continuance, can be considered trial strategy, seeState v. Patterson (1997), 123 Ohio App.3d 237, 246, citingState v. Dumas (1996), 75 Ohio St.3d 455. As such, we can presume that the waiver is sound trial strategy, Strickland,466 U.S. at 688 (citation omitted), especially when the purposes of the waiver are for trial preparation. Thus, as long as the defendant is brought to trial within a reasonable time and is not prejudiced by the delay, counsel's request for a continuance does not render counsel's assistance ineffective. State v. Hamblin
(1988), 37 Ohio St.3d 153, 156. Since the trial was rescheduled to commence in a reasonable time and since Shepherd fails to demonstrate any prejudice from the delay, we find that Shepherd's right to the effective assistance of counsel was not violated.
 {¶ 32} Shepherd's fourth assignment of error is without merit.
 {¶ 33} For the foregoing reasons, we hold that Shepherd's assignments of error are without merit. The decision of the Ashtabula County Court of Common Pleas is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Although the date typed on the notice was March 13, 2002, the statutory 180 days does not begin to run until the notice is delivered to the prosecuting attorney and the appropriate court. R.C. 2941.401. Thus, since the time-stamp on Shepherd's notice indicates it was filed on March 15, 2002, the speedy trial provision began to run on March 16, 2002. See State v. Cloud
(1997), 122 Ohio App.3d 626, 629, n2 ("the date on which [the] notice and request were filed is not included within the one hundred eighty days provided by R.C. 2941.401").
[2] Since the October 4, 2002 continuance was not granted at Shepherd's request and since it was not made in open court with the presence of Shepherd or his attorney, we will count the period from October 4, 2002, through November 1, 2002, against the state. See State v. Miller (1996), 113 Ohio App.3d 606,610.
[3] The period from March 15, 2002, through July 23, 2002, counts as 130 days. The speedy trial period was tolled from July 23, 2002, through October 4, 2002, as the result of Shepherd's request for a continuance. The period from October 4, 2002, through November 1, 2002, counts as 27 days. The speedy trial period was tolled from November 1, 2002, through February 5, 2003, as the result of Shepherd's speedy trial waiver.