{¶ 34} I do not agree that the speedy trial extension provisions of R.C. 2945.72(A) apply to R.C. 2941.401 proceedings, for several reasons.
 {¶ 35} First, R.C. 2945.72(A) applies to persons who are confined within or without Ohio on pending criminal or extradition proceedings; that is, on untried charges. R.C.2941.401 applies only to people confined in Ohio "upon a term of imprisonment;" that is, persons who are serving a prison sentence entered upon a final judgment of conviction.
 {¶ 36} Second, the extension provisions of R.C. 2945.72 apply to the speedy trial rights conferred by R.C. 2945.71, which accrue on an accused's arrest or the commencement of judicial proceedings against him and continue determination of his criminal liability with respect to the criminal offense charged, irrespective of the particular charging instrument; the indictment, information, or complaint, by which the offense is charged. R.C. 2941.401, on the other hand, is specific to a particular charging instrument, and the rights it confers accrue only after the instrument is filed and a notice with respect to it is served.
 {¶ 37} Third, R.C. 2941.401 is by its express terms jurisdictional. Failure to comply with its requirements terminates the jurisdiction of the court invoked when the charging instrument to which the notice applies was filed. Any conviction entered in violation of its provisions is therefore void. Failure to comply with R.C. 2945.71, on the other hand, renders a conviction voidable only. It should not be assumed that the extension provisions of R.C. 2945.72 which the General Assembly adopted to avoid that result apply as well to the jurisdictional bar it imposed in R.C. 2941.401.
 {¶ 38} Fourth, and reflective of these differences, R.C.2945.71(F) states: "This section shall not be construed to modify in any way section 2941.401 . . . of the Revised Code." The same reasonably applies to the extension provisions of R.C. 2945.72, which were adopted in the same legislative measure as the speedy trial provisions of R.C. 2945.71. See 133 U.S. 355 (Eff, 11-16-1969).
 {¶ 39} When Defendant-Appellant Ray served her R.C. 2941.401
notice, the only criminal charges pending against her were alleged in a complaint that had been filed in municipal court. Because the forgery offense the complaint alleged was a felony, it could be prosecuted only on an indictment or information filed in the common pleas court. Crim.R. 7(A). Therefore, Ray could not have had a trial on the charges in the untried complaint, and its dismissal following her indictment required her to thereafter file a new R.C. 2941.401 notice applicable to the indictment. She failed to do that, and so her prior notice had no effect on the common pleas court's jurisdiction, which was invoked subsequently when her indictment was filed. Therefore, she was not entitled to the relief her motion sought.
 {¶ 40} We asked the parties to brief the issue of whether R.C. 2945.72(A) and R.C. 2941.401 overlap. In its brief, the State relies on several decisions cited in its appellate brief so holding: State v. Pesci, Lake App. No. 2001-L-026. 2002-Ohio-7131 and State v. Shepherd, Ashtabula App. No. 2003-A-0031, 2004-Ohio-5306. The State also cites a more recent decision; State v. Roberts, Wood App. No. WD-04-028, 2004-Ohio-5509.
 {¶ 41} The first three decisions cited contain no analysis of the distinction between R.C. 2945.72(A) and R.C. 2941.401, and merely apply the R.C. 2945.72(A) extension provision to R.C.2941.401. Roberts rejects any distinction between the two, but only because R.C. 2941.401 does not expressly prohibit the application of R.C. 2945.72(A) to toll its time requirements.Roberts rejects as inapplicable the limitation in R.C.2945.71(F) stating that the rights that section confers "shall not be construed to modify in any way section 2941.401 . . ." That statement, in my view, reasonably applies to the R.C.2945.72(A) extension provision which the General Assembly adopted in the same legislative measure.