[Cite as *State v. Logan*, 2014-Ohio-816.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99471**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEREMY LOGAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560218-A

**BEFORE:** Kilbane, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brent C. Kirvel
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Jeremy Logan ("Logan"), appeals from his guilty plea to involuntary manslaughter with a firearm specification. He assigns the following errors for our review:

I.      The trial court erred in accepting two speedy trial waivers.

II.     Trial counsel was ineffective in executing speedy trial waivers and continuing trial dates when the record demonstrated an unmedicated client with a psychiatric history and a pending pro se motion for their removal.

III.    The trial court erred in failing to investigate appellant's complaint about the adequacy of court-appointed counsel.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On February 22, 2012, Dena'Jua Delaney ("Delaney") was fatally shot in East Cleveland after two competing groups engaged in an altercation. On February 24, 2012, Logan was arrested. On March 21, 2012, Logan and codefendant, Robert Robinson ("Robinson"), were charged in a ten-count indictment. In Count 1, they were charged with the aggravated murder of Delaney, in violation of R.C. 2903.01(A). In Count 2, they were charged with the felony murder of Delaney, in violation of R.C. 2903.02. In Count 3, they were charged with murder in connection with the unlawful termination of Delaney's pregnancy. In Counts 4-9, they were charged with felonious assault, in violation of R.C. 2903.11, stemming from the state's allegations that they caused or attempted to cause physical harm to various individuals present at the scene.

Count 10 charged them with discharging a firearm on or near prohibited premises. All counts included one-year, three-year, and five-year firearm specifications and included forfeiture specifications.

{¶4} Logan pled not guilty, and two defense attorneys were assigned to represent him. On March 26, 2012, or after 87 days elapsed for purposes of speedy trial, defense counsel filed a demand for discovery, motion for evidence, and motion for a bill of particulars. A pretrial was held on April 12, 2012, and the matter was then continued until April 19, 2012 "at the request of the defense," because of "ongoing discovery."

{¶5} On April 16, 2012, Logan appeared in open court with counsel and executed a waiver of his speedy trial rights until September 30, 2012. On April 19, 2012, the court issued a journal entry continuing a scheduled pretrial because of ongoing discovery. Logan was referred to the court psychiatric clinic in order to determine his competency to stand trial and sanity at the time of the offense. At a hearing on May 17, 2012, Logan stipulated to the report of Dr. Stephen Noffsinger. The court determined Logan to be sane at the time of the offense and competent to stand trial. On June 15, 2012 and July 3, 2012, the court journalized continuances at Logan's request because of ongoing discovery.

{¶6} On July 25, 2012, Logan filed pro se motions to disqualify counsel, a motion for a second psychiatric examination, and a motion to permit him to be present at all proceedings. Logan complained that he had met with his counsel seven times for ten-minute conferences, he "was cut off by defense counsel" during the conferences,

counsel refused to consult with him on trial strategy and failed to pursue a not guilty by reason of insanity plea, and there had been a breakdown in the attorney-client relationship. On August 27, 2012, Logan filed additional pro se motions, including pro se motions to compel the state to turn over all evidence obtained against him and for a separate trial. On September 11, 2012, he filed a pro se motion for disclosure of exculpatory evidence and for a separate trial. All of the pro se motions indicate that defendant was incarcerated.

{¶7} At a pretrial on September 17, 2012, Logan executed a second waiver of speedy trial and consented to the case being continued until December 31, 2012.

{¶8} The case against Robinson proceeded to a jury trial on October 22, 2012, and Logan testified against him. According to the supplemental record, during Robinson's trial, Logan conceded that his "excellent lawyers cut a deal" for him. (Robinson tr. 842, 845.) Robinson was subsequently convicted of felony murder (Count 2), five counts of felonious assault (Counts 4-8), and discharging a firearm near premises (Count 10), and the one- and three-year firearm specifications. *See State v. Robinson,* 8th Dist. Cuyahoga No. 99290, 2013-Ohio-4375. Robinson was sentenced to life imprisonment with parole eligibility after serving 15 years, plus three years for a firearm specification.

{¶9} On October 26, 2012, Logan appeared with his appointed counsel, withdrew his not guilty plea, and then pled guilty to Count 2, which was amended to charge him with involuntary manslaughter, a first-degree felony, with a five-year gun

specification.   The remaining charges were dismissed.   During the course of this hearing, Logan indicated that he was satisfied with his lawyers' representation.   On November 21, 2012, the trial court sentenced him to a total of ten years of imprisonment.

Speedy Trial

{¶10} In his first assignment of error, Logan complains that the trial court erred in accepting the waivers of speedy trial.   He maintains that the waivers were not knowingly, voluntarily, and intelligently made because he had not received his medication and because his pro se motion to disqualify counsel should have been deemed a revocation of his waiver of speedy trial.

{¶11} R.C. 2945.71 requires the state to bring a felony defendant to trial within 270 days of arrest.   Each day a defendant is held in jail in lieu of bond on a pending charge is counted as three days.   R.C. 2945.71(E).

{¶12} We note, however, that a defendant who pleads guilty waives his statutory right to a speedy trial by pleading guilty.   *See State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus (reaffirming and applying its prior holding in *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986)); *State v. Bohanon*, 8th Dist. Cuyahoga No. 98217, 2013-Ohio-261.

{¶13}  In addition, the time constraints of R.C. 2945.71 may be extended for various reasons, including motions filed by the accused, continuances requested by the accused, the time required to secure counsel for the accused, and reasonable continuances granted other than upon the accused's motion.   R.C. 2945.72.   A defendant's demand

for discovery or a bill of particulars tolls speedy trial time. *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus (demand for discovery or bill of particulars tolls time). *See also State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258 (a defendant's demand for discovery or bill of particulars tolls the speedy trial period for a "reasonable time"), citing *State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283. The Ohio Supreme Court has also recognized that, for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel. *State v. King,* 70 Ohio St.3d 158, 160, 1994-Ohio-412, 637 N.E.2d 903, citing *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus. A defendant's pro se motions may also toll speedy trial time. *State v. Taylor*, 9th Dist. Lorain Nos. 10CA009915 and 10CA009922, 2012-Ohio-1263, citing *State v. Szorady*, 9th Dist. Lorain No. 02CA008159, 2003-Ohio-2716, ¶ 14 (holding that defendant's pro se motion to dismiss was a tolling event).

{¶14} In any event, the record clearly demonstrates that the motions filed by defense counsel, the pro se motions filed by Logan, and Logan's written waivers of speedy trial also tolled the speedy trial time requirements. That is, on March 26, 2012, or after 87 days elapsed for purposes of speedy trial, defense counsel filed a demand for discovery, motion for evidence, and motion for a bill of particulars. Speedy trial was tolled until the state responded on April 11, 2012. *State v. Winn*, 8th Dist. Cuyahoga No. 98172, 2012-Ohio-5888, ¶ 28. A pretrial was held on April 12, 2012, and the matter

was then continued until April 19, 2012, "at the request of the defense," because of "ongoing discovery."

**{¶15}** On April 16, 2012, Logan appeared in court with counsel and executed a written waiver of his speedy trial rights until September 30, 2012.

**{¶16}** At a pretrial on September 17, 2012, Logan executed a second written waiver of speedy trial and consented to the case being continued until December 31, 2012, but the transcript fails to demonstrate that it was made in open court and that the trial court determined in open court that it was knowingly, intelligently and voluntarily made. Nonetheless, even concluding that speedy trial time resumed from September 30, 2012, until the date of the plea, 26 days, or 78 additional speedy trial days (using the triple count provisions) then accrued. Therefore, by the time of the October 26, 2012 guilty plea, a total of 165 speedy trial days had elapsed, or well under the 270-day limitation. Therefore, there is no violation of his right to a speedy trial.

**{¶17}** Although Logan now asserts that the first speedy trial waiver is invalid in light of his pro se motion to disqualify his trial counsel, at the time of the plea he stated on the record that he was satisfied with his present counsel. He made a similar statement during Robinson's trial. The record, therefore, supports the conclusion that the motion to disqualify counsel was abandoned by Logan.

**{¶18}** Logan also maintains that the waivers were not knowingly and intelligently made because he suffers from bipolar disorder and his counsel informed the trial court on April 16, 2012, that the "jail has refused to give him his medications." We note that this

statement occurred after counsel indicated that Logan understood his rights and that the waiver was knowingly, intelligently, and voluntarily made. In addition, prior to accepting the waiver, the trial court addressed defendant, read the provisions of the waiver to him, asked him if he had signed it, then asked his attorneys if they had explained its provisions to him. Furthermore, in defendant's July 26, 2012 pro se motion for a second psychiatric examination, Logan stated that he was "prescribed mood altering drugs by the CCJ medical doctors on July 7, 2012, because of his psychiatric disorders." Therefore, the statement regarding the medication for bipolar disorder is insufficient to undermine the claim that the waiver was not knowingly, voluntarily, and intelligently made. In light of all of the foregoing, the trial court did not err in accepting the waivers of speedy trial. The first assignment of error is therefore without merit.

## Ineffective Assistance

{¶19} Logan next argues that his trial counsel was ineffective when he failed to require that the state bring him to trial within the statutory speedy trial limits.

{¶20} As this court observed in *Bohanon*:

The fact that Bohanon raises her speedy-trial issue by claiming her counsel was ineffective does not change our analysis. This court has held that when a defendant pleads guilty, he or she also waives the right to claim that his or her counsel was ineffective based upon statutory speedy-trial issues. *State v. Johnson*, 8th Dist. [Cuyahoga] No. 61904, 1993 Ohio App. LEXIS 1263, 9 (Mar. 4, 1993); *State v. Goodwin*, 8th Dist. [Cuyahoga] No. 93249,

2010-Ohio-1210, ¶ 10; *State v. Miller*, 8th Dist. [Cuyahoga] No. 94790, 2011-Ohio-928, ¶ 16.

**{¶21}** In any event, we note that in general, "waiver of the right to a speedy trial, including a motion for continuance, can be considered trial strategy." *McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus. *See also State v. Brime*, 10th Dist. Franklin No. 09AP-491, 2009-Ohio-6572, ¶ 17; *State v. Shepherd*, 11th Dist. Ashtabula No. 2003-A-0031, 2004-Ohio-5306, ¶ 31. In addition, there is a presumption that waiver is a sound trial strategy, "especially when the purposes of the waiver are for trial preparation." *Id.* This rule applies even when the continuance is filed without the defendant's consent. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 33.

**{¶22}** In accordance with all of the foregoing, the second assignment of error is without merit.

### Motion to Disqualify

**{¶23}** Logan next complains that the trial court erred in failing to investigate his motion to disqualify his appointed counsel.

**{¶24}** In *State v. Corbin*, 8th Dist. Cuyahoga No. 96484, 2011-Ohio-6628, ¶ 19, this court held:

> Ordinarily, when an indigent accused moves to disqualify his or her counsel, it is the duty of the trial court to inquire into the complaint and make it a part of the record. *State v. Lozada*, Cuyahoga App. No. 94902, 2011-Ohio-823, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 139, 855 N.E.2d 48. The inquiry need only be brief and minimal. *Id.*

**{¶25}** In this case, the record indicates that Logan filed a pro se motion to disqualify his attorneys in July 2012, but he continued to meet with them and accepted the plea agreement they had arranged for him. During his testimony in Robinson's trial, he acknowledged that he had gotten a plea agreement, based upon his "excellent" lawyers' representation. In addition, during Logan's plea proceedings, he stated that he was satisfied with his attorneys' representation. Therefore, the record, albeit minimal as to this issue, does establish the requisite inquiry.

**{¶26}** The third assignment of error is without merit.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR