[Cite as *State v. Wyley*, 2016-Ohio-1118.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102889

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUAN WYLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585717-A

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 17, 2016

**ATTORNEY FOR APPELLANT**

Morgan R. Caruso
P.O. Box 18725
Cleveland, OH   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: John E. Jackson
Gregory J. Ochocki
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Juan Wyley, appeals his conviction of burglary, domestic violence, and child endangering. For the reasons that follow, we affirm.

{¶2} In June 2014, Wyley was charged in a nine-count indictment: aggravated burglary in violation of R.C. 2911.11(A)(1) (Count 1); burglary in violation of R.C. 2911.12(A)(2) (Count 2); three charges of domestic violence in violation of R.C. 2919.25(A) (Counts 3, 4, 5); two charges of child endangering in violation of R.C. 2919.22(A) (Counts 6, 7); criminal damaging in violation of R.C. 2909.06(A)(1) (Count 8); and violating a protective order in violation of R.C. 2919.27(A)(1) (Count 9). The burglary charges also carried a notice of prior conviction and a repeat violent offender specification.

{¶3} Under a plea agreement entered in January 2015, Wyley pleaded guilty to amended Count 2, burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. This amended charge deleted the notice of prior conviction and repeat violent offender specifications. Wyley also pleaded guilty to Counts 3 (domestic violence) and 6 (endangering children), misdemeanors of the first degree. The remaining counts were nolled.

{¶4} Prior to sentencing, Wyley moved to withdraw his guilty plea. On March 12, 2015, the court held a hearing during which the court heard from Wyley, defense counsel, and the state. The court denied Wyley's motion to withdraw and proceeded to sentencing.

{¶5} The court sentenced Wyley to 24 months in prison on Count 2, six months in county jail on Count 3, and six months in county jail on Count 6, giving credit for time served. Wyley now appeals, assigning four errors for our review.

Assignments of Error

I. The trial court erred in not considering defendant's jurisdictional argument.

II. The trial court erred in denying there was a speedy trial issue.

III. The appellant received ineffective assistance of counsel during his plea negotiations.

IV. The trial court erred by denying appellant's motion to withdraw guilty plea.

Jurisdiction

{¶6} In his first assignment of error, Wyley contends that the trial court erred in not considering his jurisdictional argument. Throughout the trial court proceedings, Wyley maintained that he is a "public minister, consular and executor of the Juan Wyley Estate a cest que trust." Wyley states that he is "an indigenous Moor in propria persona sui juris * * * a descendant of Morocco, born in Amexem, present day known as America, descendant of the ancient Moabites into inhabited northwestern and southwestern shores of Africa." Wyley further maintains that he is not a United States citizen, "as citizenship into the United States of America incorporated in Great Britain in 1871 is forever denied" and he has "not claimed sovereign citizen or associate with any sovereign citizen movement." He argues that the Supreme Court has original jurisdiction "in all cases affecting ambassadors, other public ministers and consuls and those which the state shall be a party." Therefore, Wyley argues, the Cuyahoga County Court of Common Pleas has no jurisdiction over him or his conduct.

{¶7} In support of his argument, Wyley filed various pro se documents with the court and insisted on raising this jurisdictional argument throughout the proceedings. Despite the fact that he was represented by counsel, Wyley presented this argument without counsel's assistance at a pretrial on August 19, 2014, at a hearing on September 3, 2014, prior to the start of trial on

January 20, 2015, and prior to entering a plea on January 21, 2015. At each proceeding, the court allowed Wyley to present his argument. Prior to commencing with trial, the court indicated that it would not make a decision regarding Wyley's jurisdictional argument because Wyley's counsel requested that the court refrain from ruling on Wyley's pro se motion at that time. Just prior to the plea, however, Wyley's counsel requested the court hear Wyley's argument. After hearing from Wyley on this issue one last time, the court denied Wyley's motion. The court determined that it had jurisdiction "over noncitizens when they commit acts that are in contravention of the criminal statutes of the state of Ohio within the county of Cuyahoga * * *."

{¶8} Wyley's assignment of error lacks merit for several reasons. First, we note that a defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, which is known as "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus.

{¶9} Therefore, when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. Moreover, where a defendant, who is represented by counsel, files pro se motions, "and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se," the pro

se motions are not proper and the trial court may strike them from the record. *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶12.

{¶10} Here, the record demonstrates that Wyley was represented by appointed counsel throughout the proceedings. While Wyley maintained, pro se, that the trial court did not have jurisdiction over him, his counsel did not share Wyley's concerns. In fact, counsel requested that the court not consider Wyley's pro se motion until just before his plea, where counsel merely asked the court to allow Wyley to present his jurisdictional argument one last time. Therefore, because Wyley filed the motion to dismiss pro se while his appointed counsel continued to represent him, the trial court was not in a position to consider the motion because it would have effectively constituted hybrid representation. We would therefore find no error if the trial court failed to consider Wyley's pro se motion.

{¶11} The trial court in this case did, in fact, consider Wyley's motion and denied the same. Regardless of the propriety of Wyley's actions, however, we find no merit to Wyley's pro se jurisdictional motion. Generally, courts of common pleas have statewide jurisdiction. *See* Ohio Constitution Article IV, Section 4(A); R.C. 2901.11; *State v. Dulaney*, 2013-Ohio-3985, 997 N.E.2d 560, ¶ 14 (3d Dist.). And in accordance with R.C. 2931.03, the court of common pleas has original jurisdiction "of all crimes and offenses, except [for] minor offenses." Further, "[a] person is subject to criminal prosecution and punishment in this state" if that person "commits an offense under the laws of this state, any element of which takes place in this state." R.C. 2901.11(A)(1). And the applicable criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status. *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 9.

{¶12} Moreover, the United States does not recognize the Moorish Nation as a sovereign state. *Speed v. Mehan*, E.D. Mo. No. 4:13CV1841, 2013 U.S. Dist. LEXIS 153429, *5 (Oct. 25, 2013); *Allah El v. DA for Bronx Cty.*, S.D.N.Y. No. 09CV8746, 2009 U.S. Dist. LEXIS 105869, * 3 (Nov. 4, 2009); *Benton-El v. Odom*, E.D. Mo. No. 5:05-CV-242, 2007 U.S. Dist. LEXIS 44270, *6 (June 19, 2007). The self-proclaimed "public minister" or "consular" "cannot unilaterally bestow sovereign immunity upon himself." *Mehan*, citing *United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir.1984). Therefore the party's purported status as a Moorish-American citizen does not "enable him to violate state and federal laws without consequence." *Id*.; *South Carolina v. Ajani Nasir Ali*, D. S.C. No. 1:12-2629-TLW-PJG, 2012 U.S. Dist. LEXIS 183680, * 3 (Dec. 4, 2012) ("[T]he defendant's purported ground for removal based on the premise that he should not be prosecuted for a violation of the law of the State of South Carolina because he is an Aboriginal Indigenous Moorish-American is frivolous on its face."); *United States v. Lee-El*, D. Kan. No. 08-20140-01-KHV, 2009 U.S. Dist. LEXIS 109973 (Nov. 24, 2009) (citing a collection of cases finding that aliens in the United States, including aboriginal Moors and Moorish-Americans, must obey the laws of the United States).

{¶13} In light of the above, we find that the trial court had jurisdiction over Wyley when he committed acts within Cuyahoga County that were in contravention of the criminal statutes of the state of Ohio. His first assignment of error is overruled.

Speedy Trial

{¶14} In his second assignment of error, Wyley argues that "the trial court erred in denying there was a speedy trial issue." In support of his argument, Wyley states that he had been incarcerated for ten months and "had never waived his right to a speedy trial."

**{¶15}** It is well-established that when a defendant pleads guilty, he waives his right to challenge his conviction on statutory speedy trial grounds. *State v. Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, ¶ 12, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus (reaffirming and applying its prior holding in *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986)). "Even assuming [the defendant] had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial." *Partsch v. Haskins*, 175 Ohio St. 139, 141, 191 N.E.2d 922 (1963). Therefore, by pleading guilty, Wyley waived his right to challenge his convictions on speedy trial grounds.

**{¶16}** However, even if Wyley's trial had gone forward as scheduled, the state's speedy trial deadline would not have expired.

**{¶17}** Under R.C. 2945.71(C)(2), the state must bring a defendant to trial on felony charges within 270 days of arrest. Under the "triple count provision" contained in R.C. 2945.71(E), each day a defendant is held in jail in lieu of bail counts as three days in the speedy trial time calculation. Therefore, a defendant held in jail without bail on a pending felony charge must be tried within 90 days. The statutory speedy trial period begins to run on the date the defendant is arrested, although the date of arrest is not counted when calculating speedy trial time. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 44.

**{¶18}** Speedy trial time may, however, be tolled by certain events delineated in R.C. 2945.72. Such tolling events include "[a]ny period of delay occasioned by the neglect or improper act of the accused," any period of delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused, and any continuances

granted upon the accused's own motion," and a "period of any reasonable continuance granted" upon any other party's motion. R.C. 2945.72(D), (E), and (H). A defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery, or for a reasonable time, whichever is sooner. *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, 31; R.C. 2945.72(E).

{¶19} The record in this case demonstrates that Wyley's speedy trial time falls well short of 270 days. Wyley was arrested on May 19, 2014, and he was incarcerated until May 22, 2014, when he posted bond. He failed to appear before the court on June 16, 2014, and a capias was issued. He appeared in court on June 25, 2014, and the capias was recalled and Wyley was arraigned. At this point, Wyley has accrued 34 days for speedy trial calculations.

{¶20} Thereafter, on June 26, 2014, Wyley filed a request for evidence and a motion for a bill of particulars. The state responded to Wyley's discovery and filed its own discovery demand on June 30, 2014. The record reveals that the initial discovery request by both parties was followed by a string of numerous continuances made at Wyley's request: July 7, July 21, August 5, and August 19. On September 5, 2014, the court found Wyley indigent and appointed new counsel. By September 25, 2014, Wyley had accumulated 20 additional days for speedy trial calculations. And on this day, Wyley attended a pretrial conference, where he requested a continuance until October 1, 2014, in order for counsel to conduct further investigation. The record demonstrates that following this September 25 pretrial, the court granted Wyley's requests for a continuance on the following days: October 1 (until October 2), October 2 (until October 3), October 3 (until October 16), October 16 (until October 29), October 29 (until November 13), November 13 (until December 1), December 1 (until December 16), December 16 (until December 29), and December 29 (until January 8, 2015).

**{¶21}** Finally, the record shows that on January 8, 2015, while a pretrial conference was "not held," the court's entry demonstrates that Wyley requested the January 20 trial date to remain set. Therefore, Wyley accrued 11 additional days on the speedy trial clock until he filed his motion to bifurcate the trial on January 19, 2015. By this point, one day before the trial was scheduled to commence and two days before Wyley pleaded guilty to the amended indictment, Wyley had accrued a total of 65 days toward his speedy trial time. The remaining time had been tolled by the numerous continuances made at Wyley's request.

**{¶22}** In light of the foregoing, we find no error with respect to Wyley's speedy trial argument. His second assignment of error is overruled.

Ineffective Assistance of Counsel

**{¶23}** Wyley contends in his third assignment of error that he received ineffective assistance of counsel during his plea negotiations. In support of this argument, Wyley incorporates his second assignment of error concerning his right to a speedy trial. Wyley also provides that during the plea, he advised the court that he was not satisfied with counsel.

**{¶24}** In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under Strickland, our scrutiny of an attorney's representation must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 689. In Ohio, every properly licensed attorney is presumed to be competent and,

therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶25} In proving ineffective assistance in the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14. This waiver applies equally to a claim of ineffective assistance of counsel following a guilty plea, including a claim that counsel was ineffective based upon statutory speedy trial issues. *Id*. at ¶ 15; *Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, at ¶ 20. A claim of ineffective assistance of counsel is therefore waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *Geraci* at ¶ 14.

{¶26} This court has previously recognized that "'[a] failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea.'" *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5, quoting *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). A guilty plea therefore "waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *Milczewski*, citing *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

**{¶27}** Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶28}** To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

**{¶29}** Wyley appears to argue that his plea was not made voluntarily and knowingly because he believed there was a speedy trial violation, his trial counsel failed to argue the issue, and Wyley stated during the plea colloquy that he was not satisfied with counsel. Based on the record before this court, we are unable to conclude that Wyley's plea was not knowingly, voluntarily, or intelligently made.

**{¶30}** The record demonstrates that after the commencement of trial, the parties informed the trial court that they had reached a plea agreement. The state informed the court that Wyley agreed to plead guilty to amended Count 2, burglary; Count 3, domestic violence; and Count 6, endangering children. In exchange, the state requested the remaining Counts 1, 4, 5, 7, 8, and 9 be dismissed. The plea resulted in the deletion of the notice of prior conviction and repeat violent offender specifications. The state advised the court that other than what had been placed

on the record, there were no threats or promises made to Wyley in exchange for his plea. The court then engaged in a colloquy with Wyley.

{¶31} During the colloquy, Wyley advised the court that he agreed with the plea and understood the plea. The court then ensured that Wyley was not under the influence of any drugs or medication that would impair his understanding of the proceedings, and it inquired of Wyley's education. The court advised Wyley that his plea may affect his professional license as an educator with the state of Ohio. Wyley acknowledged that he understood. The court asked Wyley if he was satisfied with his counsel, to which Wyley replied, "No," explaining that he was dissatisfied because he failed to see "where anything was bargained [for] on [his] behalf" and because the trial was continued without his permission. The court then permitted counsel to explain the continuances. Counsel advised the court that the continuances were necessary to conduct an investigation, visit the location of the incident, interview the victim and family members, and review tapes and police reports, all of which Wyley was aware. When asked again if there were any other reasons for dissatisfaction with counsel, Wyley replied in the negative. Wyley advised the court that he wished to enter the plea agreement in order to spare his son's exposure to the judicial system.

{¶32} Thereafter, the court advised Wyley of his constitutional rights and explained the charges to which he was pleading guilty, along with the maximum penalties of the charges. Wyley indicated that he understood. When Wyley inquired about the possibility of probation, the trial court explained to Wyley that there was no presumption of prison or probation with third-degree felonies and, in this case, there was no promise of any particular sentence. The court further advised Wyley that he would order a presentence investigation report before

sentencing. Wyley indicated that he understood, and he pleaded guilty to the amended indictment. Counsel indicated that the court complied with Crim.R. 11.

{¶33} In accordance with the foregoing, we find the record demonstrates that Wyley was afforded a full Crim.R. 11 hearing. During this hearing, Wyley indicated on multiple occasions that he understood the plea and its possible consequences and that he was not threatened or induced into entering the plea. Although Wyley complained about the plea not being beneficial to him, the record shows that trial counsel successfully negotiated a plea wherein six of the nine charges were dismissed and the notice of prior conviction and repeat violent offender notifications were deleted from the burglary charge, thus reducing the charge to a felony of the third degree.

{¶34} Wyley also complained about speedy trial issues and continuances obtained without his consent. We note, however, that the record reflects there was no speedy trial violation in this case. Even had there been a violation, however, defense counsel's failure to assert the right to a speedy trial does not cause a defendant's plea to be less than knowing and voluntary. *State v. Johnson*, 8th Dist. Cuyahoga No. 61904, 1993 Ohio App. LEXIS 1263, *9 (Mar. 4, 1993).

{¶35} Furthermore, to the extent that Wyley is arguing that his trial counsel was ineffective because he filed continuances, that argument also fails. A speedy trial waiver, including a motion for a continuance, can be considered effective trial strategy. *Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, at ¶ 21; *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus. In fact, there is a presumption that waiver is a sound trial strategy when the purposes of the waiver are for trial preparation. *Logan*, citing *State v. Shepherd*, 11th

Dist. Ashtabula No. 2003-A-0031, 2004-Ohio-5306, ¶ 31. This holds true even when the continuance is filed without the defendant's consent. *Logan*.

{¶36} In light of the above, we find that the record does not support Wyley's claim that defense counsel was ineffective. The record demonstrates that Wyley was afforded a full Crim.R. 11 hearing that demonstrated the plea was knowingly, intelligently, and voluntarily made; counsel successfully negotiated a favorable plea; and there was no speedy trial violation. Moreover, Wyley failed to demonstrate how, but for the alleged errors, he would not have pleaded guilty to the charges and would have insisted on going to trial, especially considering Wyley's admission that he wished to spare his son the trauma of a court proceeding.

{¶37} Wyley's third assignment of error is overruled.

### Guilty Plea

{¶38} In his final assignment of error, Wyley argues that the trial court erred in denying his motion to withdraw his guilty plea. Wyley claims that he learned after entering his plea that he could receive up to 36 months in prison, but he "was led to believe [he] could receive probation." And once again, he also claims that his speedy trial rights were violated.

{¶39} Crim.R. 32.1 governs withdrawals of guilty pleas and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. The trial court must, therefore, hold a hearing

in order to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶40} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), syllabus. "'Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213, 214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶41} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus.

{¶42} Here, the record demonstrates that Wyley was represented by highly competent counsel. We note initially that it is well-settled that a properly licensed attorney practicing in this state is presumed to be competent. *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 11. And based upon our review of the record, Wyley has failed to provide evidence demonstrating his counsel's incompetence. Rather, the record reflects that defense counsel conducted a full investigation of the matter, including visiting the scene, interviewing the victim and other family members, and reviewing tapes and police reports, and went to great lengths to explain Wyley's case to him. Further, counsel successfully negotiated a plea agreement that resulted in six of the nine charges being dismissed and a first-degree burglary

being reduced to a third-degree charge, thereby significantly reducing Wyley's exposure to fines and a possible lengthy incarceration.

{¶43} The record also reflects that Wyley was afforded a full Crim.R. 11 hearing before he entered his plea and he understood the nature of the charges and the possible penalties, as previously discussed. The court specifically explained the potential consequences of the charges:

> A felony of the third degree has a potential term of incarceration in a state prison of 9, 12, 18, 24, 30, or 36 months and fines of $10,000.
>
> Misdemeanors of the first degree have a potential for a term in the county jail up to 6 months and fines up to $1,000.
>
> There's a potential for community control sanctions, which is probation, where the court and the probation department will impose rules on you that you have to follow. If you fail to follow the court's, or the probation department's rules, the court then can send you to prison * * *.

{¶44} The court asked Wyley if he understood all that he just said, to which Wyley replied that he had understood. The court then inquired whether Wyley had been threatened or promised anything other than what had been placed on the record, and the following exchange occurred:

> Wyley: I was not threatened. I was told that given my history and civic involvement, that it's a possibility that a felony 3 is probationable and it would be considered.
>
> Court: Yes. Felonies of the third degree have no presumption of prison or probation, and I would [follow] statutory rules with respect to criminal history, all things we talked about prior, okay? Any threats or promises been made to you, sir?
>
> Wyley: No.
>
> Court: Do you understand there is no promise of any particular sentence in this matter, and the court could, if I choose, proceed to judgment, and I could sentence you immediately after I accept your plea?

* * *

Court:        Do you understand that, though?

Wyley:        Yes.

Thus, as the colloquy reveals, the court fully explained the potential sentence and Wyley expressed no confusion; rather, he indicated that he understood the court's explanation.

{¶45} Finally, our review of the record also indicates that on March 12, 2015, the court held a hearing on Wyley's motion to withdraw his plea and gave full and fair consideration to the plea withdrawal request. At the hearing, the court provided Wyley with an opportunity to present his arguments, and the court questioned Wyley at length about the basis of his motion. Although defense counsel filed a motion on behalf of his client, it appears from the record that counsel did not share the same concerns with his client, reiterating to the court that his client was aware of the possible prison sentence, counsel never promised Wyley that he would receive probation, and counsel did not believe there was a speedy trial violation.

{¶46} During the court's exchange with Wyley, Wyley admitted that the court had reviewed the potential consequences of pleading to a third-degree felony, including the possibility of probation, during his plea colloquy and that he, in fact, had understood the court's advisements at the time he entered his plea. The court then heard from defense counsel and the state. Thereafter, the court stated that it considered all the information presented, determined that Wyley's plea was knowing and voluntary, and denied Wyley's motion to withdraw.

{¶47} In light of the above, we find the trial court fully complied with the *Peterseim* criteria. It appears that Wyley's motivation to withdraw his guilty plea was perhaps a change of heart, or simple regret, fueled by his concerns of receiving jail time rather than probation.

Wyley's apparent change of heart is not a sufficient basis to warrant the withdrawal of his guilty plea. *See State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13, quoting *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, *11 (July 31, 1997) ("'A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea.'").

{¶48} Accordingly, the trial court did not abuse its discretion in denying Wyley's motion to withdraw his guilty plea. Wyley's fourth assignment of error is overruled.

{¶49} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR